## MILLERS' INDEMNITY UNDERWRITERS v. SCHRIEBER et al. (No. 726.)

(Court of Civil Appeals of Texas. Beaumont. Nov. 14, 1921. April 17, 1922. Rehearing Denied May 3, 1922.)

### On Motion to Strike Brief.

1. Appeal and error ⬅742(1), 767(1)—Distinction between assignments of error and propositions must be observed under new rule.

The new rules promulgated by the Supreme Court June 22, 1921 (230 S. W. vii), did not abolish the distinction between a "proposition" and an "assignment of error" as those terms are applied to briefing, so that a brief may be stricken as not complying with the rules, where it does not submit propositions as provided by Rule 30, but only brings forward a number of assignments of error designated as points involved, some of which cannot be submitted as a proposition of law; but the plaintiff in error will be permitted to file a new brief under Rule 40.

### On the Merits.

2. Master and servant ⬅405(4)—Evidence in compensation case held to show injury caused death.

Evidence that a servant named in a claim for compensation was apparently in sound health up to the time he admittedly fell from a scaffold and received an injury, with expert testimony that injury was the cause of his death, *held* sufficient to sustain a finding by the jury that his death resulted from the injury, though

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

every physician who attended him testified that his death was caused by a disease which the experts for the beneficiaries stated would have incapacitated him before reaching the stage at which it would have produced the condition in which he was immediately after the injury.

**3. Trial ☞359(1) — Conflicting answers of jury to special issues do not prevent judgment unless conflict is as to material issue.**

Not all conflict in answers by a jury to special interrogatories prevents judgment upon the verdict, but the conflict, to have that effect, must be with reference to material and controlling issues, and, if the answers as a whole leave without contradiction all material issues necessary to support 'a judgment for one of the parties, such judgment may be rendered.

**4. Master and servant ☞417(5) — Special findings in compensation case held not necessarily conflicting.**

In an action for compensation for the death of an employee, an answer by the jury to a special issue that the death was due to the combined effect of a disease, if any, and of the injuries received, was not necessarily in conflict with answers to previous issues stating that the employee was not afflicted with that disease and that the injuries were the sole cause of the death.

**5. Master and servant ☞376(2)—Compensation allowable for death concurrently caused by injury and disease.**

Compensation may be recovered for the death of an employee which was caused concurrently by a disease and by the injuries received in the course of his employment.

**6. Master and servant ☞417(5)—Conflict between findings held not to prevent judgment for compensation.**

Conflict between special findings by the jury that the death of an employee was caused solely by an injury received in the course of his employment, and a finding that such injury and a disease combined to cause the death, does not prevent a judgment for the compensation, since the compensation would be payable in either event.

**7. Trial ☞352(5)—Assumption of fact established by uncontradicted evidence is not erroneous.**

It was not error to assume, in a special issue submitted to the jury, that the employee received an injury by a fall from the scaffold, where the uncontradicted evidence showed that he was injured to some extent at least by such fall.

**8. Trial ☞194(19)—Charge as to amount of compensation held to be on 'the weight of the evidence.**

A charge that the law gave, to the beneficiaries of an employee who died as the result of an injury received in the course of his employment, compensation at the rate therein stated, and submitting to the jury the question how much plaintiffs were entitled to recover, would be erroneous in a case submitted for a general verdict, as being upon the weight of the evidence, which was conflicting on the issue whether the death resulted from the injuries received.

**9. Appeal and error ☞1068(1)—Charge on weight of evidence in case submitted on special issues held not prejudicial to defendant.**

In an action for compensation for the death of an employee, submitted on special issues, in answering which the jury found that the death resulted from the injury, the giving of a charge on the weight of the evidence, because assuming that the death resulted from the injury, was not prejudicial to defendant.

**10. Appeal and error ☞1031(1)—Error does not require reversal unless prejudice appears from the record.**

Since the promulgation of Rule 62a. (149 S. W. x), prohibiting Courts of Civil Appeals from reversing for error unless they can say from the entire record that it was calculated to cause, and probably did cause, · an improper verdict and judgment, the presumption that any error was presumed to be prejudicial no longer obtains.

**11. Master and servant ☞418(7)—Award of compensation in excess of proper sums held not to show prejudice on part of jury.**

Where the amount of compensation awarded by the jury was excessive because they found the weekly wage of an employee earning $3.50 a day as $21 instead of $20.19, as fixed by the Workmen's Compensation Act, pt. 4, § 1 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246yyy), and also awarded excessive amounts as accrued prior to the time of trial, the excess does not indicate the jury was actuated by improper motive and does not require reversal of the judgment, which can be reduced to the proper amount.

**12. Master and servant ☞386(5)—Widow entitled to half of compensation for death.**

Where a deceased employee left a widow and two minor children, the compensation for his death, when prorated according to the law of descent and distribution relating to community property, should go one-half to the widow and one-fourth to each of the children, so that an apportionment of one-third of award to each beneficiary was erroneous.

**13. Master and servant ☞418(7)—Wrong apportionment of compensation can be corrected without reversal.**

The fact that the jury made a wrong apportionment of compensation awarded, under the Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246h et seq.), for the death of an employee, does not require reversal of the judgment, but it can be modified by the Court of Civil Appeals to conform to the law.

Error from District Court, Orange County; J. T. Adams, Judge.

Action by Martha Schrieber and others against the Millers' Idemnity Underwriters to set aside a decision of the Industrial Accident Board denying compensation for the death of an employee and to recover such

compensation. Judgment for the plaintiffs, and the defendant brings error. Brief of plaintiff in error stricken from the record, with leave to file a new brief, and judgment reformed and affirmed after hearing on the merits.

Collins, Morris & Barnes, of Beaumont, for plaintiff in error.

C. W. Howth, of Beaumont, for defendants in error.

## On Motion to Strike Brief.

WALKER, J. [1] Plaintiffs in error have undertaken to brief this case under the rules promulgated by the Supreme Court on the 22d day of June, 1921 (230 S. W. vii).

They have complied with the rules in making a reasonable succinct statement of the nature and result of the suit, but they have not submitted propositions upon which they predicate their appeal, as provided by Rule 30, 230 S. W. vii. All they have done is to bring forward a number of their assignments of error and designate them as being "Points Involved." Some of these purported assignments appear to be verbatim copies of the assignments filed in the trial court; others are culled from such assignments. Plaintiffs in error have not set out at the back of their brief, nor immediately following the statement of the case, "verbatim copies of such of the assignments of error filed in the trial court and reproduced in the transcript as are relied on in the appeal."

It is clear from a reading of the amended rules that the Supreme Court did not intend to abolish the distinction which the bar has all along recognized as existing between a "proposition" and "an assignment of error." This distinction is too well understood to require any discussion on our part. If an assignment of error can be submitted as a proposition of law under a recognized construction of that term, as applied to briefing, we see nothing in the rules prohibiting an appellant from bringing forward such assignments of error as one of the "propositions or points upon which the appeal is predicated"; but, unless such assignment of error is a proposition of law, it should not be so used. It seems to us, in applying the new rules, that the old, well-understood definitions and constructions; in so far as applicable, should be recognized and given full force.

Because plaintiff in error's brief is not in compliance with the rules of briefing, we order that it be stricken from the record. In view of Rule 40 (230 S. W. viii), which is as follows:

"In case the brief for either party is in the opinion of the Court of Civil Appeals defective or insufficient, the court may at its discretion set aside the submission of the cause with such orders for postponement and filing of amended briefs as it may deem proper"

—we further order that plaintiff in error be allowed 30 days from the date hereof in which to file new briefs. The submission of this cause on the third instant is withdrawn, subject to be resubmitted after being properly briefed.

## On the Merits.

HIGHTOWER, C. J. On April 12, 1919, Lawrence Schrieber was an employee of Joe Weaver & Son at Orange, Tex., and, while engaged in the discharge of the duties of his employment, he received an injury, and on or about July 3d, following, died. Joe Weaver & Son were engaged in the business of shipbuilding and repairing, and carried with Millers' Indemnity Underwriters, the plaintiff in error herein, a policy of insurance under the Workmen's Compensation Act (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246h, et seq.) of this state covering its employees, including Lawrence Schrieber. Shortly after the death of Lawrence Schrieber, his widow, Martha Schrieber, filed with the Industrial Accident Board of Texas a claim for compensation for herself and two minor children, Willie Mack Schrieber, a girl 16 years of age, and Lawrence Schrieber, Jr., a boy 14 years of age, and after hearing had upon the application, the Board entered its award denying compensation. In proper time Mrs. Schrieber gave notice of her intention not to abide by the decision of the Board, and within proper time thereafter filed this suit in the district court of Orange county to set aside the Board's decision, and for recovery of compensation claimed for herself and said children, as beneficiaries. Mrs. Schrieber alleged, substantially, that her husband, while engaged in the performance of his duties as an employee, fell from a scaffold which was constructed alongside of one of the boats on which he was working, into the shallow water under the boat, and in such fall sustained injuries which caused his death. Plaintiff in error answered by general demurrer, general denial, and further specially answered that Lawrence Schrieber's death was not caused by any injury received by him in his fall from the scaffold, as claimed, but that his death was caused by a disease known as cerebrospinal syphilis, and upon such ground denied liability under the policy.

The case was tried with a jury, whose verdict consisted of answers to special issues, and upon such verdict judgment was entered by the court in favor of Mrs. Schrieber and the two minor children for the aggregate amount of $4,536, and this was apportioned equally between the widow and the children; that is, each was awarded by the judgment $1,512. A motion for new trial was made by plaintiff in error, which being overruled plaintiff in error in due time prosecuted its appeal to this court. For sake of

brevity, plaintiff in error will hereinafter be called appellant, and defendants in error, appellees.

There are several assignments of error in appellant's brief, under which the following main contentions are made:

(1) That the verdict and judgment are without support in the evidence. In this connection, it is asserted that the evidence showed, conclusively, that Schrieber's death was caused, not by any injury which he received in his fall from the scaffold, but, on the contrary, that the sole cause of his death was a disease known as syphilis.

(2) That the jury's verdict, consisting of answers to special issues, was so inconsistent and contradictory that no valid or legal judgment could be entered upon it.

(3) That the form of the court's charge as a whole constituted a charge upon the weight of the evidence. But if mistaken in such contention, then it is insisted that paragraph 8 of the charge was upon the weight of the evidence, and was calculated to cause, and probably did cause, the jury to render a verdict against appellant on the controlling issues of fact.

(4) That the verdict is excessive.

(5) That the verdict and judgment did not properly apportion the recovery between the widow and children as the law requires.

[2] We shall take these several contentions up in the order stated. The evidence found in the record shows that Lawrence Schrieber, the husband and father, was in the employ of Joe Weaver & Son, at Orange, Tex., on the morning of April 12, 1919, somewhere between 10:30 and 11 o'clock; while engaged in the discharge of his duties, he fell from a scaffold erected alongside of a boat on which he was working, and was precipitated into water about 10 inches deep, and in the fall his head struck on some hard substance beneath the water, and he received several bruises upon his forehead and a bruise or two upon his body. He fell with his face downward, a distance of between 4 and 5 feet, and he was unable to get up, and some of his coemployees assisted him from the place where he had fallen, and for an hour or so he sat around near the place of his employment in a seemingly dazed condition, and was afterwards, within an hour or two (the time is not definitely shown), removed to his home, and gradually grew worse and became totally insane. The evidence was without contradiction that at the point where Schrieber fell there were broken brickbats and other material, and the evidence tends strongly to show that the injuries which Schrieber received were caused by his head striking this broken brick or other substance in the shallow water where he fell. For several weeks after the injury, Schrieber remained in his home at Orange, and was there attended by several local physicians, but that, about the latter part of May or first of June, he was carried to a sanitarium at Houston, Tex., and there remained under treatment until his death on July 3d, following. According to the testimony of all the physicians who treated Schrieber after his fall from the scaffold, his death was caused, in the opinion of such physicians, by a disease known as cerebrospinal syphilis, as claimed by appellant. The local physicians in Orange testified, substantially, that after careful diagnosis of Schrieber's condition, it was their opinion that he was suffering from syphilis in its last or terminal stage, and that in their opinion he was suddenly stricken by an attack of this disease which caused him to fall from the scaffold, and that the disease thereafter rapidly progressed, resulting in general paralysis and total insanity and death. The physicians who treated Schrieber at Houston in the sanitarium, one of whom was Dr. York and the other Dr. Cook, both testified that in their opinions, after careful examination and analysis of Schrieber's condition, his death was caused solely by a disease known as syphilis, and not by any external injury. Dr. York testified, substantially, that he was called to see Schrieber as soon as he reached the sanitarium, which was about the first of June following the injury of April 12th, and that he and Dr. Cook together made very careful examination and analysis of Schrieber's condition, and that, after applying all known and proper tests for the discovery of syphilis, they determined that such disease was the sole cause of his death. Dr. York and Dr. Cook testified, emphatically, that when they first saw Schrieber he was undoubtedly suffering from syphilis in its last or terminal stage, and that he was totally insane and wholly paralyzed from that disease when he arrived at the sanitarium. This states, substantially, the evidence relied upon by appellant in support of its contention that Schrieber's death was caused solely by syphilis, and was not the result of any injury received in his fall from the scaffold.

On the other hand, and in support of their contention that Schrieber's death was caused by an injury or injuries received in his fall from the scaffold, appellees proved, substantially, the following facts:

Schrieber, at the time of his death, was 41 years of age. A number of lay witnesses testified that they had known Schrieber all of his life, and that he was a man all his life of robust health and strength, and continued in such health and strength up to the time of his fall from the scaffold; that he had worked regularly at hard manual labor all his life up to the time of his fall from the scaffold; that if Schrieber had any character of disease, weakening in its nature, there were no manifestations of same up to

the time he was injured. Mrs. Schrieber testified, substantially, that she and her husband had been married 18 years at the time of his death,. and that during all of their married life Schrieber had been a man of robust health and constitution, and remained so up to the time of his fall from the scaffold, and that he had been regular in his habits and work, and that his work, as before stated, consisted of the most laborious character; that Schrieber had never had syphilis in his life, in so far as she was able to detect; and that two children, the minors above mentioned, were born to the marriage, both healthy and robust children; and, further, that if Schrieber had syphilis the disease was never communicated to her.

Several physicians testified in the case as expert physicians in behalf of appellees, and each of them gave it as his opinion, upon hypothetical questions propounded, that Schrieber's death was not caused by syphilis, but was caused by an injury received in his fall from the scaffold. These physicians stated, emphatically, that a man suffering from the disease of syphilis in its terminal stage, and to such an extent that he would fall from the scaffold and become paralyzed and crazy so quickly as he did, would not have appeared to be in sound health and vigorous strength, as the evidence in the case showed him to be up to the time of his fall from the scaffold. They testified, substantially, that syphilis in the terminal or last stage is a very weakening and destructive disease, and that in their opinions no man could appear to be sound and healthy in the discharge of hard labor, and at the same time be suffering from syphilis in its last or terminal stage, and be right on the verge of paralysis and insanity, as claimed by the physicians who testified for appellant. These physicians stated that it might be possible that Schrieber had syphilis in some degree or stage at the time he fell from the scaffold, and that it might be possible, or even probable, that such disease was aggravated and accelerated by an injury received in the fall, but that in their opinions such disease, if it existed, was not the cause of Schrieber's death, but that the injury received in the fall caused his death.

There was one witness who testified for appellees, who was right near Schrieber at the time he fell from the scaffold, and was looking at him at· the time of the fall, and this witness testified that Schrieber had just removed some bolts from the rudder of the boat on which he was working, and was advancing towards the bow of the boat with these bolts when he stepped on an iron pipe, which caused him to slip and to fall into the shallow water below, as above stated. This witness further testified, substantially, that he had observed nothing in Schrieber's manner up to the moment of his fall from the scaffold to indicate that there was anything wrong with him at the time, although Schrieber had been working on the boat from the time he commenced that morning, about 7 o'clock, continuously.

Upon such evidence as a whole, as we have substantially stated it above, we have. concluded that it cannot be correctly held that the same showed, conclusively, that Schrieber's death was caused by syphilis; but, on the contrary, we are of opinion that the evidence was abundantly sufficient to warrant the jury's finding that his death was the result of an injury or injuries received in his fall from the scaffold. After careful consideration of all the evidence, we conclude that appellant's contention in this ·connection must be overruled. .

The special issues submitted for the jury's answers were as follows:

"Question No. 1. Did Lawrence Schrieber receive an injury in the course of his employment. Answer 'yes' or 'no.' Answer: 'Yes.'

"Question No. 2. Was Lawrence Schrieber afflicted with the disease of syphilis on the 12th day of April, 1919? Answer 'yes' or 'no.' Answer: 'No.'

"Question No. 3. Was the disease he had, if any, the cause of his falling from the scaffold? Answer 'yes' or 'no.' Answer: 'No.'

"Question No. 4. Were the injuries received by Lawrence Schrieber, in his fall from the scaffold, the sole and proximate cause of his death, as the term 'proximate cause' has been defined to you herein? Answer 'yes' or 'no.' Answer: 'Yes.'

"Question No. 5. Was syphilis of deceased, if any, the sole and proximate cause of his death? Answer 'yes' or 'no.' Answer: 'No.'

"Question No. 6. Was the death of Lawrence Schrieber due to the combined effect of syphilis. if any, and the injuries he received in his fall from the scaffold? Answer: 'Yes.'"

Now, with reference to appellant's second contention above mentioned, it is claimed that the jury's answers to questions Nos. 2, 4, and 6 are so inconsistent and contradictory on material issues that no legal judgment could be entered upon them. It is true, as shown, that the jury, in answer to question No. 2, found that Schrieber was not afflicted with syphilis at the time he fell from the scaffold; and it is also true that in answer to question No. 4 the jury found, substantially, that the injuries which Schrieber received in the fall from the scaffold became the sole and proximate cause of his death; and it is also true that, in answer to question No. 6, the jury found substantially, that Schrieber's death was due to the combined effect of syphilis, if any he had, and the injury he received in his fall from the scaffold. It must be admitted that the answers of the jury to these three questions would seem, upon first consideration, to be not wholly consistent, but on the contrary to be conflicting, but the question is: Is the conflict, if any, such that no valid judgment can be entered upon the verdict as a whole? After

due consideration of the matter, we have concluded that the jury's answers to these three questions do not constitute such a conflict upon material issues as to necessitate a setting aside of the verdict.

[3] It is not true in all cases of conflicting answers by a jury that a valid judgment may not be entered upon the verdict as a whole, but the conflict or contradiction in the answers must be with reference to material and controlling issues in the case, and, if the answers as a whole be such as to leave without contradiction all necessary material and controlling issues found by the jury in favor of one of the parties litigant, judgment may properly be entered upon the verdict, notwithstanding . conflicts or contradictions as to issues not controlling, or immaterial. Now, in answer to question No. 1, as shown above, the jury said, and indeed the undisputed evidence showed, that Schrieber did receive an injury while engaged in the performance of his duties, and then follows the answer to question No. 2, that Schrieber was not afflicted with the disease of syphilis at that time, and then follows the answer to question No. 3, to the effect that syphilis, if he had such disease, was not the cause of his fall from the scaffold, and then follows the answer to question No. 4, to the effect that the injuries which Schrieber received in falling from the scaffold were the sole and proximate cause of his death, and then, in answer to question No. 5, the jury said that syphilis was not the proximate cause of his death. Then follows what would seem to be, and what counsel for appellant mainly contend to be, the contradictory answer of the jury upon the main and controlling issue of fact in the case. This answer was, substantially, that Schrieber's death was due to the combined effects of syphilis, if any Schrieber had, and the injuries he received in his fall from the scaffold. Now, let's see if the answers of the jury to questions Nos. 4 and 6 are so contradictory and inconsistent as to the material and controlling issue of fact in the case as to substantially destroy the jury's verdict as a whole, leaving no basis for the judgment in favor of appellees. In answer to question No. 4, the jury found, straight out, that the injuries received in the fall from the scaffold were the sole and proximate cause of Schrieber's death, but in answer to question No. 6, we analyze the question, the jury said, substantially, that if it be true that Schrieber had syphilis at the time of his fall from the scaffold, then his death was due to the combined effect of the disease and the injuries received in the fall.

[4-6] In the first place, we are of the opinion that, when carefully considered, the answers by the jury to these two questions are not necessarily in conflict. It will be noticed that in answer to question No. 6 the jury does not affirm as a fact that Schrieber had syphilis at the time he fell from the scaffold, but the meaning of their answer to that question is that, if he had the disease, then it combined with the injuries received in the fall in producing his death. But if this construction of the answers to these questions be not correct, still we could not sustain appellant's contention, because the fact, if a fact, that Schrieber was suffering from the disease of syphilis at the time he fell from the scaffold and was injured was only a concurring cause with the injuries received in the fall in producing his death, then, nevertheless, appellant would be liable. We do not understand counsel for appellant to dispute such legal proposition, and therefore it is unnecessary to mention authorities on that point. Therefore we say that the jury's finding that the sole and proximate cause of the death of Schrieber was the injuries received in his fall from the scaffold, and their subsequent finding (to question No. 6), if it should be so construed, that the cause of his death was the combined effect of syphilis and the injuries received in the fall, do not constitute such contradictory findings by the jury on the main and controlling issue of fact as to prevent the rendition of judgment in favor of appellees upon the verdict as a whole. We therefore overrule appellant's contention that no valid judgment could be entered upon the jury's verdict in this case.

The third contention, that the form of the charge as a whole constituted a charge upon the weight of the evidence, is overruled. The only portion of the charge that could be reasonably made the basis for such complaint is found in paragraph 8. It is as follows:

"The law provides that the beneficiaries of a deceased who died as a result of injuries received in the course of his employment are entitled to receive 60 per cent. of the average weekly earnings of the deceased for a period of 360 weeks, provided the compensation shall not be more than $15 per week, payable weekly.

"Now, bearing in mind the foregoing, how much are the plaintiffs entitled to recover of the defendant, and how much is now due, figured up to November 1, 1920, and how much is due, payable weekly accruing after November 1, 1920, and of said sum how much is each of the plaintiffs entitled to receive?

"In answer to this question, you will set forth the total amount the plaintiffs are entitled to recover; the amount thereof which is now due and payable; the amount which is hereafter to become due and payable weekly: and the amount which in your judgment, under all of the facts and circumstances in evidence before you, each of the plaintiffs are entitled to receive, that is to say, you will prorate the total amount of recovery between the three plaintiffs in the case."

Then the court, in concluding the charge, instructed the jury that they were the sole and exclusive judges of the facts proved, the credibility of the witnesses, and the weight

to be given their testimony, but they would receive the law from the court's charge and be governed thereby. In the beginning of the charge, the trial court had instructed the jury that the burden of proof to establish the fact issues made by the plaintiffs' pleadings and the evidence rested upon the plaintiffs, and that such burden must be met by a preponderance of the evidence before them.

The energetic counsel for appellants insist most strenuously that the eighth paragraph of the charge, which we have just quoted, was a charge upon the weight of the evidence bearing upon the material issue of fact in the case, and that it was calculated to cause, and probably did cause, the jury to return a verdict against appellant on that issue. That material issue of fact was whether Lawrence Schrieber's death was caused by the injuries received, according to the undisputed evidence, in his fall from the scaffold, or whether his death was caused by the disease known as syphilis, as claimed by appellant. This, we say, was the only material controverted issue of fact in the case. The evidence shows, without dispute, that Schrieber was injured to some extent in his fall from the scaffold; but it was, and is, the contention of appellant that the injury thus resulting was not of a serious nature, and that the same would not and did not, either alone or in conjunction with the disease, produce Schrieber's death.

[7-9] The court was not in error in assuming in one of the special issues that Schrieber received an injury in his fall from the scaffold, which is one of the complaints made against the charge, because, as we have stated, the uncontradicted evidence showed that he was injured, to some extent at least. Had the case been submitted on a general charge, we are inclined to think that appellant's complaint of paragraph 8, on the ground that it was upon the weight of the evidence and that it was calculated to cause the jury to render a verdict against appellant on the main issue of fact, would have to be sustained; but when we consider that the submission was upon special issues, the forms of which we have shown above, and when we consider the jury's several answers to these questions, which were returned in the light of the instruction given them by the court that the burden of proof to sustain the affirmative of the issues as made by the plaintiffs in their pleadings rested upon them, and taking the charge as a whole, and the evidence as a whole, relative to the main issue of fact, that is, what was the cause of Schrieber's death, we have concluded that the portion of the charge complained of, if upon the weight of the evidence, was not calculated to cause, and probably did not cause, the jury to render its verdict against appellant on the main and controlling issue of fact in the case. We agree with counsel for appellant that there was no necessity or reason for the court's

charging anything embraced in the paragraph complained of, because the jury's answers to the special issues would have determined the right of the appellees to a recovery, if answered in their favor, and the judgment as to the amount of the verdict and its apportionment between the appellees would have necessarily followed, upon the undisputed evidence, as a matter of law, and it is unfortunate that the trial judge saw fit to instruct the jury as he did in the connection complained of at all.

[10] But ever since the promulgation of Rule 62a (149 S. W. x), our Courts of Civil Appeals have been inhibited from reversing judgments of trial courts because of errors committed upon the trial, unless the appellate court should be able to say, from the entire record, that the error complained of was calculated to cause, and probably did cause, an improper verdict and judgment in the case. Before this rule was promulgated, the presumption was, perhaps, that any error, abstractly speaking, shown to have been committed upon the trial of the cause below, would entitle the party cast in the judgment to a reversal, unless the appellate court could say that it reasonably appeared, from the entire record, that no injury resulted from the error to the complaining party; but, since the promulgation of the rule, it would seem that the presumption as to the effect of the error should be the other way, because the very language of the rule is that the judgment must not be reversed unless the appellate court can say, from the entire record, that the error complained of "was calculated to cause, and probably did cause," the rendition of an improper verdict and judgment. Wells Fargo & Co. v. Benjamin (Tex. Civ. App.) 165 S. W. 121; Henson v. Baxter (Tex. Civ. App.) 166 S. W. 460; Scott v. Townsend (Tex. Civ. App.) 159 S. W. 342; Railway Co. v. Beasley, 106 Tex. 160, 155 S. W. 183, 160 S. W. 471; Insurance Co. v. Melett (Tex. Civ. App.) 174 S. W. 700.

In Wells Fargo & Co. v. Benjamin, supra, the court, speaking of Rule 62a, among other things, said:

"But we take it that the promulgation of Rule 62a is the positive announcement by our Supreme Court of a change of judicial policy in respect to such matters; that the presumption in favor of injury, if not shifted, is abolished; that hereafter no case should be reversed because of errors in such rulings unless it should be made to appear that 'the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment.'"

We repeat that it is our conclusion, upon the whole record, that the portion of the charge complained of as being upon the weight of the evidence was not, in this case, calculated to cause, and probably did not cause, the jury to return a verdict against

appellant on the main issue of fact in this case. We therefore overrule the assignment.

[11] Another contention is that the amount found in favor of appellees by the jury is excessive, and so much so as to indicate that the jury was influenced by prejudice, passion, or some other improper motive, in arriving at such amount. Relative to this contention, it is shown by the uncontradicted evidence that Lawrence Schrieber was earning $3.50 per day at the time of his fall from the scaffold, and had been earning that amount for several years prior thereto. Therefore Schrieber's average weekly wage was $20.19. See Workmen's Compensation Act of Texas, § 1, pt. 4 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5246yyy). The jury, in answer to special issue No. 7, which we have not quoted, found Schrieber's average weekly wage to be $21. Under the law, appellees were entitled to recover $12.01 per week, being 60 per cent. of Schrieber's average weekly wage, for a period of 360 weeks, and this would amount to $4,323.60; but the jury found such total amount to be $4,536. Schrieber was injured in his fall from the scaffold on April 12, 1919, and the date of trial was November 1, 1920, which made a period of 80 weeks intervening between the time of injury and the trial, and the compensation which had accrued at that time was $966.80; but the jury found such accrued compensation to be $1,033. The remainder of the compensation would accrue at the rate of $12.01 per week, but the judgment, following the verdict, places it at $12.60 per week, and the total amount of the judgment was, therefore, in favor of the appellees for $4,536. Therefore the verdict and judgment in favor of appellees are excessive to the extent of $212.40; but we see nothing in this record to indicate that the jury was actuated by any improper motive because of this excess in the verdict, and appellant's contention that the judgment should be reversed and the cause remanded because of this excess in the verdict will be overruled, and the total amount of recovery allowed appellees will be fixed by this court, in accordance with the undisputed facts, at $4,323.60.

[12, 13] The next and last contention is that the jury did not correctly apportion the amount of the recovery between the widow and the minor children, and that, on account of this fact, appellant should have had a new trial, and that the judgment should be reversed and the cause remanded for that purpose. In this connection, it is pointed out by counsel for appellant that the recovery allowed appellees was not prorated according to the law of descent and distribution relating to community property, and in this contention appellant is correct. As we have hereinabove shown, the recovery was apportioned equally between all three of the appellees; whereas, under the law of descent and distribution of this state, the apportionment should have been one-half to the surviving widow, and one-fourth to each of the minor children. Texas Employers' Insurance Association v. Boudreaux (Tex. Com. App.) 231 S. W. 756. Therefore the judgment should be here so further reformed as to allow recovery in favor of Mrs. Martha Schrieber for $2,161.80, and in favor of each of the minor children, Willie Mack and Lawrence, Jr., for $1,080.90.

There are other contentions made by appellant, which we have given proper consideration, but have concluded that none of them can be sustained, and, since they do not raise any new question which it would serve any useful purpose to discuss, we overrule them without specifically mentioning them.

The trial court's judgment will be reformed by this court in the particulars mentioned, and, as so reformed, will be affirmed, and it is so ordered, and the costs of this appeal will be adjudged against the appellees.