## CHISELIN et al. v. HOUSTON INDEPENDENT SCHOOL DIST. et al.

### No. 2107.

Court of Civil Appeals of Texas. Beaumont. March 12, 1931.

Rehearing Denied March 25, 1931.

Robert L. Sonfield and W. H. Graham, both of Houston, for appellants.

Andrews, Streetman, Logue & Mobley and M. E. Kurth, all of Houston, for appellees.

WALKER, J.

This was an action by W. F. Chiselin and thirty other taxpayers, resident citizens of what was formerly West University Place independent school district, against Houston independent school district, to enjoin the defendant from annexing and absorbing the territory comprised within the corporate limits of West University Place independent school district. The judgment was against appellants, denying them all relief prayed for, and in favor of defendants, sustaining the annexation.

Appellees have moved to strike appellants' briefs on the ground that they were prepared in violation of the briefing rules. This motion must be sustained. Rule 30, 230 S. W. VII, promulgated by the Supreme Court on the 21st day of June, 1921, is as follows:

"Following the statement of the case there shall be stated consecutively, separately sub-

divided and numbered, the propositions or points upon which the appeal is predicated. These shall be germane to one or more of the assignments of error or relate to fundamental error.

"The purpose of this rule is to enable counsel to state immediately and briefly and without repetition, the questions in the case and to acquaint the court at once with the propositions presented for decision."

In Millers' Indemnity Underwriters v. Schreiber (Tex. Civ. App.) 240 S. W. 963, we gave this rule a mandatory construction and struck the briefs from the record on the grounds here urged against appellants' briefs. In the case before us now, appellants have wholly failed to observe any of the provisions of Rule 30. Having set out at the back of their briefs their assignments of error, as required by Rule 32, 230 S. W. VII, they then scatter their assignments of error through their briefs, consisting of eighty-one typewritten pages, and after each assignment of error, as thus brought forward, submit, for the first time in their briefs, the propositions advanced in support of their several assignments of error. In Nacogdoches Independent School District v. Adams (Tex. Civ. App.) 36 S.W.(2d) 567, opinion not yet reported [in State Report], appellants briefed certain of their assignments of error and propositions, as these appellants have briefed all their assignments of error and propositions. Again holding that Rule 30 was mandatory, we struck all assignments of error and propositions improperly briefed.

It is true that, following the statement of the nature and result of the suit, appellants have set out three "points involved in this case," but these "points" were abandoned by appellants, and no effort was made to brief them; that is, appellants made no effort to brief their "points," but briefed only their assignments of error and the propositions advanced in support thereof, as stated above.

Under authority of the cases cited above, appellees' motion to strike appellants' briefs from the record must be sustained, and it is so ordered.

However, since appellees have carefully briefed all propositions advanced by appellants, subject, however, to their motion to strike, we have examined every proposition advanced by appellants and find no merit in any of them. We do not set out these propositions nor the statements made in support thereof, nor our reasons for overruling them, because, without briefs, they are not before us. We examined them and have made this order overruling them in order to show that appellants have suffered no injury on the ground that their briefs have been stricken, and, therefore, that no necessity exists for re-

briefing the case, as was permitted in Millers' Indemnity Underwriters v. Schreiber, supra.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.