### ST. LOUIS, B. & M. RY. CO. v. HUFF.

No. 9214.

Court of Civil Appeals of Texas. San Antonio.

Dec. 20, 1933.

Davenport, West & Ransome, of Brownsville, for appellant.

W. R. Blalock and B. H. Oxford, both of Mission, for appellee.

FLY, Chief Justice.

This is an action for damages alleged to have arisen on account of the negligence of appellant in furnishing to appellee, an employee, a derailing appliance which was out of order and which by reason of its defect injured the thumb of appellee, while he was engaged in the line of his duty in attempting to derail certain cars of appellant.

The cause was submitted to a jury on nineteen special issues, and on the responses thereto the court rendered judgment in favor of appellee for $3,583.33.

The jury in answer to the special issues found that the derailing appliance was in bad condition; that appellant was informed and knew of the defective condition of the appliance before and at the time the accident occurred; that such appliance was not reasonably safe to be operated in the usual and customary manner; that the condition of the derailing appliance was the result of negligence; that the thumb of appellee was injured in operating the appliance; that the condition of the appliance was the direct and proximate cause of plaintiff's injury; that appellee received injuries which resulted in partial permanent incapacity through the loss of the use of his thumb; that the injuries caused damage to appellee in the sum of $3,583.33; that the injuries resulted from an unavoidable accident; that the condition of appellee's right arm at the time of the trial resulted from a willful refusal on the part of appellee to use his arm; that appellee attempted to secure proper medical attention for his injury within a reasonable time after he received the injury; that appellee did not have a bone felon on his thumb before entering appellant's employ.

It is apparent that there is an irreconcilable conflict between the findings that the injuries were the result of an unavoidable accident and the finding that the injury resulted from appellant's negligence. An unavoidable accident is defined by the court to the jury to be the happening of an event not caused by the failure of either the plaintiff or the defendant to exercise ordinary care at the time and place of the happening in question. The definition given in the case of Galveston, H. & S. A. R. Co. v. Gormley, 35 S. W. 488, 489, by this court, is "if the injury occurred without the negligence of either party, it would be what is known as an 'unavoidable accident,'" and it follows that, when the injuries of appellee were the result of an unavoidable accident, they necessarily found that appellant was not negligent and that the injuries did not occur through its negligence. The finding of the jury was a finding in favor of appellant. Under the facts of the case the issue arose as to whether the accident occurred from the negligence of either party and the issue of unavoidable accident was properly presented to the jury. It was a question of fact, and their finding thereon could not be summarily set aside, even under the conditions laid down by article 2211, as amended by Acts 1931, 42d Leg., p. 119, c. 77, § 1 (Vernon's Ann. Civ. St. art. 2211). The amendment was a serious innovation on the right of the jury to pass upon the facts, and, when a judge exercises the power to ignore and set aside the verdict of a jury upon a point in the case, this court will compel strict compliance with all of the conditions required. It is not pretended that any motion was made or notice given of the intention of the court to render a judgment in spite of a clear verdict of the jury.

In spite of the fact that the testimony raised the question of whether either party was guilty of negligence resulting in the injury, the trial judge stated in the judgment that he had submitted an issue not raised by any evidence and that he would to all intents and purposes ignore it. Without that refusal on the part of the trial judge to follow the verdict of the jury, no judgment could have been rendered in favor of appellee and against appellant.

The court submitted to the jury the following issue: No. 13. "Is the present condition of plaintiff's right arm a proximate result of his wilful refusal to use said arm from the date of his alleged injury up to the present time? Answer Yes or No." The issue was answered in the affirmative by the jury. That finding was equivalent to a verdict that appellee had not been seriously

injured through the negligence of appellant, for he claimed that he had lost the use of his arm by reason of his thumb being injured while manipulating the derailing appliance of appellant. The jury found that nonuser of the arm had caused the injury, if any, to the arm, and consequently that it did not result from the injury to the thumb. It was in evidence that the injury to the thumb did not cause any serious injury to the arm, and a test by electricity showed that appellee could have used his arm if he had desired to do so, and that he willfully refused to use the same. The finding of the jury amounted to a finding of simulation of injuries upon the part of appellee, which had no foundation in fact, and the judge had no authority to disregard the finding of the jury.

It is apparent from the matters herein stated that appellant failed to obtain a fair trial of the issues in the case, and the judgment will therefore be reversed, and the cause remanded.