**HANCOCK v. SAMMONS et al.**

No. 15491.

Court of Civil Appeals of Texas.

Fort Worth.

March 19, 1954.

Rehearing Denied April 23, 1954.

254

Nelson & Sherrod and Eugene Sherrod, Jr., Wichita Falls, for appellant.

Arch Dawson, Wichita Falls, for appellees.

MASSEY, Chief Justice.

Appellees, Nova Rogers Sammons and husband, Mack Sammons, brought suit against F. S. J. Hancock, appellant, for the cancellation of three instruments which, upon their face, appear to be deeds but which the appellees alleged were in fact intended to be mortgages to secure payment of debt.

Judgment was entered in favor of the appellees, and it was held that the instruments were equitable mortgages securing debts which had been fully paid, and that appellant had been overpaid in the amount of $407.63. The instruments were canceled and judgment was rendered for appellees and against appellant for $407.63 plus interest and costs. From this judgment appeal was taken.

Judgment reversed and cause remanded.

Appellant's pleadings embodied a general denial, allegation that the deeds of April 10, 1945, and December 17, 1945, were intended by all parties to be absolute conveyances without contingencies or conditions, and that the deed and conveyance of October 31, 1946, was intended by all parties to be a conditional sale, the conditions being recited in a letter from appellant to appellees, dated November 26, 1946, which conditions were never performed. This letter reads as follows:

"I hereby promise to reconvey back to Nova Rogers Sammons and Mack Sammons the interest in the property conveyed to me by grant Deed dated October 31st 1946 on or before the 26 day of November 1949 for the consideration of Five Thousand and No/100 dollars. The reconveyance being subject to the assignment of Leases and Oil Royalties and to the balance due me on the note signed the 24 day of July 1946 in the amount of Four Thousand Two hundred fifty and No/100 dollars."

In separate issues submitted the jury found that each of said instruments was given for the purpose of securing the payment of all or part of the indebtedness then owing to appellant. Other issues were in favor of appellees' contentions that certain amounts of money were owing by appellees to appellant on certain pertinent dates. Special Issue No. 15 was framed so as to read: "Do you find from a preponderance of the evidence that when the deed dated October 31, 1946, was given, it was the intention of all parties thereto that it was to be a conditional sale with the right of plaintiffs, Sammons, to repurchase upon certain agreed conditions and within a certain period of time?" To the question asked the jury replied "Yes". A further issue, Special Issue No. 16, conditionally submitted contingent upon an affirmative answer having been made to the above issue, was framed in the following language: "Do you find from a preponderance of the evidence that the letter dated November 26, 1946, signed by F. S. J. Hancock, and introduced in evidence as plaintiffs' exhibit 21, correctly reflects the conditions, if any, as agreed upon by all parties at that time?" To this question, so asked, the jury replied "No".

In entering the judgment for the appellees the trial court necessarily ignored the jury's answer to Special Issue No. 15, which, we believe, operated to contradict the findings through answer to prior issues, the effect of which amounted to a jury finding that the instrument dated October 31, 1946, and which indisputably was executed and delivered on date of November 26, 1946, was an equitable mortgage. Because of this conflict we believe that a mistrial resulted and that the trial court

was without authority to enter a judgment.

■ Prior to consideration of the question of conflict occasioned by the jury's answer to Special Issue No. 15, we examine Special Issue No. 16 and its answer, which apparently would be contradictory to that given to No. 15 upon which its submission was conditioned. Had the suit been one wherein it was attempted to enforce a conditional sales contract, the conditions of which were contended by one party to have been met, and by the other to the contrary, the details of the conditions would have been material and necessary to be determined in connection with the enforcement of any rights of the parties thereto. The question would have been an ultimate issue because by the answer thereto the rights of the parties would be established. In the instant case, however, there was actually no question in the lawsuit which would have been controlled by the answer of the jury for the simple reason that if it was a conditional sale that was intended and effected by the parties in their transaction of November 26, 1946, the maximum period of time within which the appellees could have repurchased the property under and by authority of such a contract had expired before this suit was tried. Though the suit was filed before the time expired, it does not appear that prior to the time the option to repurchase expired the appellees ever performed, or conditionally or unconditionally offered to perform, whereby any questions involved in their determination became material. Therefore we believe that Special Issue No. 16 was evidentiary only. If it is contradictory to the answer given to the issue upon which it was conditionally submitted, nevertheless it is not a controlling issue under the particular defense necessary to the appellant in the case, and therefore it leaves uncontradicted the controlling issue preceding it, which was all that was necessary to appellant's defense. 41–B Tex.Jur., p. 810, sec. 585; Millers' Indemnity Underwriters v. Schrieber, Tex. Civ.App. Beaumont, 1922, 240 S.W. 963,

error refused; Karger v. Rio Grande Valley Citrus Exchange, Tex.Civ.App. San Antonio, 1944, 179 S.W.2d 816, error refused, w. m. While it is immaterial here, before arriving at this conclusion we carefully examined the instrument the issue makes the inquiry about and it appears to our minds that except for its provision relative to time it is subject to construction for various reasons and would require parol testimony to clarify its provisions. Certainly it would be necessary to have something additional to show what Hancock was owed on November 26, 1946, and also what the consideration payable to him would have amounted to in the event of a reconveyance at any date subsequent thereto. The parol testimony we find in the record about it and about what the actual agreement was regarding reconveyance of the real or record title to the property still leaves some doubt as to the actual time agreed upon within which an instrument of reconveyance would be executed, if a time limit applied at all, and also leaves doubt as to the actual amount of consideration attendant to such an execution, and we would find it difficult indeed to answer the issue in a way other than the way the jury answered it.

Since it is undisputed and not here in controversy that the jury's answers to other Special Issues operated as a finding that the transaction of November 26, 1946, was intended to and operated to give effect to the deed dated October 31, 1946, as a mortgage only, we will consider the effect of the question and answer in Special Issue No. 15.

■ If Special Issue No. 15 does not constitute a question of law (call for a legal conclusion by the jury) but constitutes a fact question upon an ultimate issue, then the question would persist upon whether it was raised and supported by the evidence. Any question in this regard was waived by the appellees, and it would be deemed to have support in the evidence as no objection to its submission was made on this ground, and no motion to disregard the jury's answer to the issue was made after the answer was returned. In the ab-

sence of any such motion the trial court would be powerless to summarily set aside and ignore such answer. Texas Rules of Civil Procedure, rule 301; 41–B Tex.Jur., p. 820, et seq., secs. 592, 593; St. Louis, B. & M. Ry. Co. v. Huff, Tex.Civ.App. San Antonio, 1933, 66 S.W.2d 373; Traders & General Ins. Co. v. Heath, Tex.Civ. App. Galveston, 1946, 197 S.W.2d 130, refused, n. r. e.

We believe that the question actually asked was whether the transaction of November 26, 1946, *was intended* by all the parties to be a transaction wherein the deed dated October 31, 1946, was to be (and evidence) a conditional sale (of the property described in such deed) from the appellees to the appellant with right preserved in the appellees to repurchase it upon conditions agreed upon between the parties if such conditions were met by the appellees within a prescribed period of time.

A conditional sale of real estate actually is an executed contract passing title from a grantor to a grantee subject in the first instance to specific conditions upon which reconveyance is to be made to the grantor. Lusher v. First National Bank of Fort Worth, Tex.Civ.App. Fort Worth, 1953, 260 S.W.2d 621, writ refused, n. r. e.; Brannon v. Gartman, Tex.Com.App.1926, 288 S.W. 817.

The contract between the parties will of course operate to be and become what the parties intended if not inhibited for reasons of law, (and in this instance there is no inhibition in such respect) and their intent, once established, would operate to effect the transaction as intended, whether it be an equitable mortgage or a conditional sale.

The term "conditional sale" is a technical term and has a legal meaning and definition. Likewise are the terms "negligence" and "proximate cause" in a personal injury negligence case, and "testamentary capacity" in a will case. In such cases we find definitions ordinarily given in the court's charge to the jury of the terms, and then we find the terms embodied in special issues. These special issues sometimes seem to pose questions to the jury upon mixed questions of law and fact, *yet if it is the fact which is left for the jury there is no error in the issue*. The form for submission in such instances is necessarily left to the sound discretion of the trial judge, and much depends upon the nature of the individual composite question with respect to the case or difficulty to be encountered in making the segregation. Speer's Special Issues, p. 31, sec. 25. Since the question asked "what did the parties intend?" it asked for a finding of fact and not a conclusion of law. Therefore the jury's answer to it cannot be ignored. It has been held in a case where the terms of a written instrument purporting to embody the parties' contract were conflicting or ambiguous that a question was properly submitted inquiring whether the parties intended to agree in accordance with the contention of one party to the contract. Constitution Indemnity Co. v. Armbrust, Tex.Civ.App. San Antonio 1930, 25 S.W.2d 176, error refused.

A failure to define the term "conditional sale", if appellant had properly raised the point, would be error, just as would be the failure to define the technical terms "testamentary capacity" in a will case. However, in this case, as in the instance hypothecated, a litigant would have no ground of complaint if he did not properly raise the point. In this case no definition of the term "conditional sale" was requested. Had the question asked no more of the jury than whether the transaction was a conditional sale the attorneys in their argument would have been given considerable latitude, as would have been the jury in its deliberation. But the question went further than this and embodied language in connection with the term, as follows: "with the right of plaintiffs, Sammons, to repurchase upon certain agreed conditions and within a certain period of time?" These added words actually embodied the part of the definition which would be desired by the appellant had an independent definition been given, though it did not embody that part of

a proper definition which the appellees would probably have desired had such a definition been independently given. Of course, the question as to the fact could have been given in a special issue which would have clearly been more independent of the law than was the case in this instance. However, the issue, as given, was the only issue upon the affirmative defense of the appellant upon the point and it was satisfactory to him and the appellees did not complain of it, and it must be given effect and its answer given effect, if under rules of law it is possible to do so, for the further reason that should such effect not be so given the appellant would be deprived of this affirmative defense which he undoubtedly thought was given him by the issue submitted.

■ If the finding made by the jury to Special Issue No. 15 is given effect there is a conflict. A conflict in findings that destroys the verdict is that irreconcilable difference of finding with respect to an indispensable fact in issue in the case where both findings cannot be true, but one or the other must of necessity be false. In construing a verdict, every finding is of equal importance in the consideration, and when rightly interpreted, it cannot be varied by the correct interpretation of another finding of equal dignity. Speer's Special Issues, p. 560, sec. 431; 41–B Tex.Jur., p. 802, sec. 582; Graham v. Dallas Railway & Terminal Co., Tex.Civ.App. Dallas, 1942, 165 S.W.2d 1002, error refused.

■ Where it is possible the findings will be construed so as to give them effect and reconcile them so that they will not be in conflict. This, we believe, cannot be done in this instance, for the jury's answer to Special Issue No. 15 has force and effect. A court may not attempt to destroy a conflict by ignoring its source or by giving to either finding a forced or unreasonable construction contrary to the evident intention of the jury, for this would be a rule of destruction rather than a rule of construction. Speer's Special Issues, p. 561, sec. 432.

■ The effect of a conflict of finding as to an essential fact is to destroy the efficacy of the findings as a verdict, and hence a mistrial results. If a trial court enters a judgment upon a verdict containing such conflicting findings the judgment must be reversed and the cause remanded for another trial. Speer's Special Issues, p. 563, sec. 434; 41–B Tex.Jur., pp. 806, 807, sec. 582; Phillips v. Texas & Pacific Ry. Co., Tex.Civ.App. El Paso, 1949, 223 S.W.2d 258, error refused, n. r. e.

In view of our conclusion that this is the situation in the case before us, we believe we are bound to reverse the judgment rendered and remand the cause for another trial.

There were numerous other points of error upon which the appeal was predicated, each of which has been considered in connection with this opinion by this court but none of which demonstrate any reversible error.

■ The appellant insisted that the uncontradicted proof established that the transaction of November 26, 1946 (though the deed was dated October 31, 1946) was a conditional sale, and furthermore that the verdict that the deeds were intended as mortgages was so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust, and it was therefore error for the court to overrule his motion for an instructed verdict and was error to enter judgment on the verdict. Since the parol evidence introduced upon the trial of the cause upon the question of the consideration for and true intent of the parties pursuant to each transaction was properly admitted and considered and tended to establish an equitable mortgage, the motions of the appellant were properly overruled. Stamper v. Johnson, 1848, 3 Tex. 1; Bradshaw v. McDonald, 1949, 147 Tex. 455, 216 S.W.2d 972, and cases therein cited.

■ Appellant contended that "in submitting the ultimate issues on mortgage, it was error for the trial court to assume that there was a continuing debt for the deeds to secure, when the issue of a con-

tinuing debt was highly in dispute and defendant objected to the Charge upon such grounds", and he further contended that the court erred in failing to submit the ultimate issue of whether or not there was either a continuing debt or a new debt created at the time of the execution of each of the three deeds. The ultimate issue in the case was whether or not the deeds were given to secure a debt, or, as contended by appellant, whether the deeds were outright conveyances canceling the debts then owing. It indisputably appears that at the time of each of the three transactions there were debts then owing by appellees to appellant. Since this was so we think the court properly submitted the issues as to whether or not the deeds were given as security for said debts then owing.

■■■ Appellant contends that it was prejudicial error to submit issues inquiring whether or not the notaries taking Mrs. Sammons' acknowledgments to the various instruments explained to her the actual consideration for said deeds. While the issues may have been immaterial, we fail to see how appellant was harmed.

■■■ Appellant objected to the use of the phrase "for the purpose of securing the payment" in the three ultimate issues on mortgage, contending that the phrase was indefinite and misleading, and that the word "secure" has many meanings. He contends "securing the payment" could mean in the minds of the jury "obtaining payment". From an examination of the pleadings and further from an examination of the evidence, including the questions which elicited the evidence, both the witnesses and the attorneys used the above words and expressions throughout the trial in their ordinary sense. In the absence of anything in supplement of the record to demonstrate that the jury considered them in any other sense, no reversible error appears. Broughton v. Humble Oil & Refining Co., Tex.Civ.App. El Paso, 1937, 105 S.W.2d 480, writ refused; West v. Cashin, Tex.Civ.App. Galveston, 1935, 83 S.W.2d 1001, error dismissed.

No other error complained of being likely to occur upon occasion of another trial, we have no occasion to discuss them.

Judgment reversed and cause remanded for another trial.

RENFRO, J., dissenting.

RENFRO, Justice (dissenting).

I would affirm the judgment of the trial court. In my opinion Issue No. 15 required the jury to find a legal conclusion.

If there was a conditional sale the terms of such sale were those contained in the letter referred to in the majority opinion. There was no evidence that any other conditions were agreed upon as to a conditional sale. Appellant testified that the letter contained the agreement. Mrs. Sammons testified that the October 31, 1946 deed was, like the other deeds, security for what they owed Hancock, and that she never agreed with appellant or anyone else to sell any of her land (the land involved was her separate property), and never authorized her husband or anyone else to agree to a sale of her land. Although she read the deed reciting a consideration of $10, nobody explained to her that she was selling her land to Hancock and she did not see the letter until at least a month after the date of the deed. In other words, appellees contended there was no agreement whatever except that the land would be reconveyed to them when the oil runs had paid out their indebtedness to appellant.

Appellant's claim of a conditional sale was based wholly on the terms of the heretofore mentioned letter. In answering "No" to Issue No. 16 the jury found against appellant on the only set of facts which could uphold his contention of a conditional sale.

Whether or not there is a conditional sale or mortgage is a matter to be determined by the court based on the fact findings of the jury or of the court sitting as trier of the facts. It is often exceedingly difficult to determine whether a particular transaction is a mortgage or a conditional sale. Ruffier v. Womack, 30 Tex. 332. Whether an instrument or instruments constitute a conditional sale or mortgage de-

pends upon the construction placed by the law upon the real agreement between the parties. Issue No. 15 asked the jury for a legal conclusion. The jury should not be required to answer a legal question which has been the source of so much difficulty to the courts. Whether there was a conditional sale was a question of law for the court to determine from the facts found. The jury found in answer to Issue No. 16 that the only basis for a conditional sale as contended by appellant did not exist. The facts necessary to constitute a conditional sale being found against appellant by the jury, the only thing left in his favor was a conclusion of law by the jury that the parties intended the transaction to be a conditional sale. The answer to Issue No. 15 being a conclusion of law, it was not binding on the court and he was authorized to disregard same. Gowan v. Reimers, Tex.Civ.App., 220 S.W. 2d 331; 41-B Tex.Jur., p. 498, sec. 403.

I, therefore, respectfully dissent.