(No. 12932.—Judgment affirmed.)

ALVIN SULLIVAN, Defendant in Error, *vs.* THE WILLIAM
OHLHAVER COMPANY, Plaintiff in Error.

*Opinion filed February 18, 1920.*

1. NEGLIGENCE—*on controverted questions of fact the Supreme
Court must assume what the evidence for plaintiff tends to prove.*
On controverted questions of fact in a suit at law the Supreme
Court can determine only whether the evidence fairly tends to sup-
port a verdict for the plaintiff and must assume all that the evi-
dence most favorable to the plaintiff fairly tends to prove, though
it be against the weight of the evidence.

2. SAME—*when intervening cause will not defeat an action for
negligent driving of car.* In an action against the owner of an au-
tomobile truck by a pedestrian injured by a collision of the truck
with an automobile which was turning out into the street from its
parking place near the curb, if the evidence tending to show neg-
ligence on the part of the driver of the truck is sufficient to war-
rant submitting the issue to the jury, the mere fact that the injury
would not have happened but for the negligence of the driver of
the automobile is not sufficient to exonerate the defendant.

3. SAME—*degree of care required of driver of automobile.* The
driver of an automobile through the busy section of a city is bound
to use reasonable and ordinary care to have his car under such con-
trol as to enable him to avoid collisions with cars parked along the
curb when they turn out into the street.

4. INSTRUCTIONS—*when plaintiff in error cannot complain of re-
fusal to give instruction.* Where the abstract does not show at
whose instance any of the instructions were given nor who re-
quested the instructions which were marked "Refused," the plaintiff
in error is not in a position to complain of the refusal to give
an instruction.

5. SAME—*court is not required to repeat instructions on same
questions.* The court is not required to repeat instructions on the
same questions, announcing the same rules of law in slightly dif-
ferent language.

6. BILLS OF EXCEPTIONS—*when bill of exceptions is filed within
required time.* A bill of exceptions is filed within the time required
by the court where it is presented within that time and is after-
wards signed by the judge and an order filed *nunc pro tunc* as of
the date when it was presented.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Kane county; the Hon. C. F. IRWIN, Judge, presiding.

TRUMAN H. MINER, and ALFRED ROY HULBERT, for plaintiff in error.

ALSCHULER, PUTNAM & FLANNIGEN, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This was an action on the case brought by defendant in error in the circuit court of Kane county to recover damages against the William Ohlhaver Company, plaintiff in error, and James Feece. Damages were claimed for personal injuries sustained by defendant in error about seven o'clock P. M. on May 2, 1917. The declaration charged, in substance, that plaintiff in error operated its automobile truck upon the streets of the city of Aurora at an unreasonable rate of speed, in violation of the Motor Vehicle law; that it obstructed the view of its driver by negligently placing a piece of canvas over a part of the windshield of its truck; that it was otherwise negligent in the management and operation of its truck; that the defendant James Feece negligently turned into the street in the path of the truck of plaintiff in error without giving warning of his intention, as required by the ordinances of the city of Aurora, and that as a consequence of said negligence a collision occurred between the truck of plaintiff in error and the automobile of Feece which resulted in the injury of defendant in error. Feece obtained a separate trial, so the questions presented pertain only to the issues raised between defendant in error and plaintiff in error. The jury returned a verdict against plaintiff in error fixing damages at $8000,

upon which verdict judgment was entered. The judgment was affirmed on appeal to the Appellate Court, and the cause is brought to this court by *certiorari* to review that judgment.

Defendant in error had parked his automobile on the west side of LaSalle street, in the city of Aurora, facing south. James Feece had parked his automobile a short distance to the rear of the automobile of defendant in error. The truck of plaintiff in error was approaching the location of these machines from the north, when, without warning, Feece turned his automobile into the street and the truck violently collided with the Feece automobile, pushing it against defendant in error, who was standing at the rear of his automobile lighting its rear light. Defendant in error was crushed between the front end of the Feece automobile and the rear end of his own car and sustained a fractured skull and other serious injuries to his face, body and legs. The speed of the truck is variously estimated at from six to eighteen miles an hour. The lower part of the windshield of the truck had been broken on the right side and that part of it was covered with a piece of canvas. At the time of the collision two young men were riding on the seat of the truck and one was standing on the running-board on the right side of the truck. LaSalle street is about forty feet wide, and at the time of the accident there was a ridge of dirt piled near the middle of it, left from the filling of a ditch. It is one of the busiest streets in the city of Aurora and the block where the accident occurred is in the business district.

It is contended by plaintiff in error that the negligent act of Feece turning into the street without warning constituted a separate, independent and intervening cause of the accident, and that there is no evidence showing the act of plaintiff in error to be the proximate cause of the injury. The evidence was sufficient to establish the conclusion of the fact that the injury was the result of the com-

bined negligence of plaintiff in error and Feece. There was sufficient evidence for the jury to find that, notwithstanding the negligence of Feece, the accident would not have happened if plaintiff in error had not been running at an unreasonable rate of speed or had not obstructed the view of its driver by the covering on the windshield, so that the driver could not readily see Feece turning into the street. Controverted questions of fact not being open to us for review, we must, in support of the verdict, assume all that the evidence most favorable to defendant in error fairly tends to prove, though it be against the weight of the evidence. The mere fact that the injury would not have happened but for the negligence of Feece is not sufficient to exonerate plaintiff in error, for if defendant in error was injured by the combined negligence of both parties he can maintain an action against either. (*Waschow* v. *Kelly Coal Co.* 245 Ill. 516; *Seith* v. *Commonwealth Electric Co.* 241 id. 252; *Chicago and Eastern Illinois Railroad Co.* v. *Hines,* 183 id. 482.) The driver of the truck was bound to use at least reasonable and ordinary care. He was bound to anticipate that the cars parked along the curb might turn into the street, and to keep a proper lookout for them and use care to have his truck under such control as to enable him to avoid collisions. It was for the jury to decide what the rate of speed was; whether it was negligence to drive down LaSalle street, under the special conditions then existing, at the rate of speed shown by the evidence; whether it was negligence to have the windshield partly covered with cloth, and whether the truck was otherwise negligently managed and operated. All these are questions of fact which we are not authorized to determine. The judgment of the Appellate Court has concluded those questions. The issue was properly left to the jury. *Johnson* v. *Coey,* 237 Ill. 88.

The court refused to give an instruction substantially in the language of the instruction quoted, in *Chicago Union Traction Co.* v. *Browdy,* 206 Ill. 615. The abstract does

not show at whose instance any of the instructions were given nor who requested the instructions which were marked "Refused." The plaintiff in error is not in a position, therefore, to ask this court to consider questions arising from a refusal of this instruction. We have, however, examined the instruction referred to, and are of the opinion that it was properly refused because it directed a verdict and wholly omitted to include the element of negligence charged with respect to the defective windshield. The court gave an instruction substantially covering the points covered by the refused instruction and correctly advised the jury as to the rules of law that should guide them in reaching their decision on the question of proximate cause. That was all that was necessary. The court is not required to give repeated instructions on the same questions, announcing the same rules of law in slightly different language. *Korn* v. *Chicago Railways Co.* 271 Ill. 329.

Defendant in error claims that the bill of exceptions is not properly a part of the record here because it was not filed within the ninety-day period required by the order of the court. It appears from the record that it was presented to the trial judge July 6, 1918, which was thirty days prior to the expiration of the ninety-day period, and afterwards, on October 29, 1918, it was signed by the judge as of July 6, 1918, and ordered filed as of that date *nunc pro tunc*. This meets the requirements of the law concerning the signing, sealing and filing of a bill of exceptions. *Hall* v. *Royal Neighbors,* 231 Ill. 185; *Hill Co.* v. *United States Guaranty Co.* 250 id. 242; *City of East St. Louis* v. *Vogel,* 276 id. 490.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*