## KARGER v. RIO GRANDE VALLEY CITRUS EXCHANGE.

### No. 11401.

Court of Civil Appeals of Texas. San Antonio.

March 29, 1944.

Rehearing Denied April 26, 1944.

Wade, Ford & Duke, White & Yarborough, and John White, all of Dallas, and Hardin & Hardin, of Edinburg, for appellant.

Greer & Cox, of McAllen, for appellee.

MURRAY, Justice.

This suit was instituted in the District Court of Hidalgo County by Jessie Karger, a widow, of Dallas County, in her individual capacity and as administratrix of the estate of her husband, Arthur Karger, deceased, against Rio Grande Valley Citrus Exchange, a corporation, seeking to recover damages sustained by her when an ambulance in which she was riding collided with a truck driven by the agents of said corporation. The collision occurred September 26, 1941, at about 2 a. m., at the intersection of Pacific Avenue and Akard Street in the City of Dallas. The ambulance was traveling in a northerly direction along Akard Street and the truck was traveling in a westerly direction along Pacific Avenue.

The trial was to a jury, and, in keeping with the answers of the jury to the special issues submitted, judgment was rendered that plaintiff take nothing. From that judgment plaintiff has prosecuted this appeal.

Appellant's first point is that the court erred in refusing to submit to the jury plaintiff's requested special issues relative to defendant's truck driver failing to yield the right-of-way. We overrule this point for a number of reasons. In the first place, the court submitted the issues with reference to the negligence of the truck driver in failing to stop at the intersection, and, under the circumstances in this case, it would have been but a different shade of the same issue to have submitted the issue of failure to yield the right-of-way. The ambulance was making an emergency run and was traveling with its siren sounding, in a northerly direction, along Akard Street. The truck was traveling in a westerly direction along Pacific Avenue. The intersection of these two streets is at a right angle. The collision occurred immediately after both vehicles entered the intersection, so it becomes quite apparent that the only way the truck driver could have yielded the right-of-way to the ambulance would have been by stopping before entering the intersection. The evidence shows that the truck driver swerved the truck as far to the right as was possible after entering the intersection but was unable to avoid the collision.

In the second place, the evidence does not show that the ambulance was entitled to the right-of-way. The overwhelming preponderance of the evidence shows that Akard Street is a one-way street and that the ambulance was traveling in the wrong direction on this one-way street. The evidence fails to show that the ambulance was a "police ambulance," so as to come under the provisions of Art. 801 (N) of Vernon's Annotated Penal Code, which gives the right-of-way to "police ambulances." Dallas Ry. & Terminal Co. v. Walsh, Tex.Civ.App., 156 S.W.2d 320, affirmed Sup.Ct., 167 S.W.2d 1018. Likewise, there is no evidence that the ambulance had been designated and authorized by the Chief of Police of the City of Dallas as a vehicle having the right-of-way so as to bring it under the provisions of Section 1, City Ordinance of the City of Dallas, which provides as follows:

Section 1. Authorized Emergency Vehicles. Vehicles of the fire department, police vehicles and such ambulances and emergency vehicles of municipal departments of public service corporations as are designated or authorized by the Chief of Police of the City of Dallas.

Furthermore, in Dallas Ry. & Terminal Co. v. Walsh, 167 S.W.2d 1018, the Supreme Court, speaking through Chief Justice Alexander, held that this ordinance, insofar as it attempted to confer absolute authority upon the Chief of Police to arbitrarily designate emergency vehicles, is invalid. The evidence here shows at most that the ambulance involved was a City ambulance belonging to the Health Department or a Parkland Hospital ambulance; the Parkland Hospital was shown to be a City-County Hospital. The witness Abbott,

a city policeman, testified: "The police do not have an ambulance."

In the third place, it appears from all the facts and circumstances in this case that the truck and not the ambulance had the right-of-way. The ambulance was approaching the truck from the truck's left, the truck was approaching the ambulance from the ambulance's right. Article 801 (E) of Vernon's Annotated Penal Code provides: "Except where controlled by such ordinances or regulations enacted by local authorities, as are permitted under the law, the operator of a vehicle approaching an intersection on the public highway shall yield the right-of-way to a vehicle approaching such intersection from the right of such first named vehicle."

Appellant next contends that the court erred in refusing appellant's motion to instruct the jury that police and emergency ambulances, while operating as such, have the right-of-way. It follows from what we have already said that this point must be overruled.

Appellant next contends that the court erred in granting defendant a judgment on the verdict of the jury because the jury's answer to special issues Nos. 24 and 25 present a conflict that cannot be reconciled. We overrule this contention. The jury found by their answer to special issue No. 24 that the sole proximate cause of the collision was the driving and operating of the ambulance in a northerly direction upon Akard Street, and by its answer to special issue No. 25, that the collision was the result of an unavoidable accident. It will be noted that Mrs. Karger was not the driver of the ambulance, but that it was being driven by a third person who is not a party to this suit. The jury did not find that the act of driving the ambulance in a northerly direction on Akard Street was a negligent act, but, simply, the sole proximate cause of the collision. A sole proximate cause does not necessarily have to be a negligent act. Montrief & Montrief v. Bragg, Tex.Com. App., 2 S.W.2d 276. Where a collision is caused by the act of a third person not·a party to the suit it may very properly be found to be an unavoidable accident as between the parties to the suit.

Furthermore, the defendant was acquitted of all acts of negligence submitted to the jury, and this fact would entitle the defendant to a judgment in its favor regardless of how the jury might have answered

issues Nos. 24 and 25. It has been said that where the answers to two separate issues are in conflict they destroy each other and neither can stand. So in this case if the answers to issues Nos. 24 and 25 should be regarded as destroying each other there still remains a sufficient verdict of the jury to support the judgment rendered. Railway Express Agency v. Robinson, Tex.Civ.App., 162 S.W.2d 984; Perez v. Houston & T. C. R. Co., Tex.Civ.App., 5 S.W.2d 782.

Appellant's fourth point is without merit and is overruled.

The judgment is affirmed.

NORVELL, J., did not participate in the decision of this case.