**DALLAS RAILWAY & TERMINAL CO. v. WALSH et al.**

**No. 4591.**

Court of Civil Appeals of Texas.
Eighth District.

Nov. 3, 1948.

Rehearing Denied Nov. 24, 1948.

Burford, Ryburn, Hincks & Ford, Howard Jensen and Bruce Graham, all of Dallas, for appellant.

Gallagher, Francis & Bean, Dan P. Johnston and Ralph K. Gillen, all of Dallas, for appellees.

McGILL, Justice.

This is the second appeal in this case. The opinion of the Eastland Court of Civil Appeals on the first appeal is reported in 156 S.W.2d 320, and that of the Supreme Court in Walsh v. Dallas Railway & Terminal Co., 140 Tex. 385, 167 S.W.2d 1018, 1019. With modification only as to the amount of recovery we adopt the statement of the nature and result of the suit made by the Supreme Court in the first paragraph of its opinion:

"J. M. Walsh, Jr., brought this suit against the Dallas Railway & Terminal Company for damages for personal injuries received by him as the result of a collision between the ambulance in which he was riding and a passenger bus operated by the Railway & Terminal Company, at a street intersection in the City of Dallas. The insurance carrier of Walsh's compensation insurance joined in the suit. Judgment was for the plaintiff and the insurance company in the sum of $4,400.00."

Appellant's points one and two are that the trial court erred in refusing to follow the holding of the Supreme Court and the Court of Civil Appeals on the former appeal that there was no evidence or that the evidence was insufficient to show defendant's excessive speed to be a proximate cause of the collision. The contention is that the evidence on this issue which was submitted and answered adversely to appellant on both trials was substantially the same on this trial as that inroduced on the first trial and that therefore the above holdings of the Supreme Court and Court of Civil Appeals are the law of the case. Appellee does not contend that there is any substantial difference in such evidence. His counterpoints are that the Court of Civil Appeals did not hold on the former appeal that the finding by the jury that excessive speed of defendant's bus was a proximate cause of the collision was without support in the evidence, but assumed that such finding was supported by the evidence; that if the Court of Civil Appeals did so hold such holding is not the law of the case governing this appeal because it was arrived at by reviewing the evidence in connection with other findings which were not made on the subsequent trial and by concluding that the legal effect of such finding was destroyed by such other findings and the Supreme Court held that the Court of Civil Appeals erred in this respect, there being no conflict between the findings. In his argument he urges that the language of the Supreme Court in its opinion should not be construed as justifying the conclusion that the Court of Civil Appeals held that there was no evidence to support the finding that excessive speed was a proximate cause of the collision, and that if it be so construed it should not be regarded as the law of the case since the only holding of the Court of Civil Appeals that there was no evidence to support a jury finding which was before the Supreme Court for review was the holding that there was no evidence to support the finding that failure of the bus driver to keep a proper lookout was a proximate cause of the collision.

The Court of Civil Appeals unquestionably held that under the uncontroverted evidence as a matter of law the bus driver's failure to keep a proper lookout was not a proximate cause of the collision. 156 S.W.2d 320, at page 324(8). This is tantamount to a holding that there was no evidence to support the jury's finding on this issue. In connection with the finding that operation of the bus at a speed in excess of 20 miles per hour was a proximate cause of the collision, the court said:

"(10, 11) The jury also found that the bus driver was exceeding 20 miles per hour, which was a proximate cause of the collision. We may assume that such ground of recovery, considered alone, sufficiently supports the judgment. Implicit in the verdict as relates to that ground of recov-

ery is that the excess speed (over 20 miles per hour) disabled the bus driver to stop or retard the speed of the bus sufficiently to avoid the collision. If excess speed had no such effect, then however negligent it may have been it was not the cause of the collision. But just as for two reasons failure to keep a proper lookout was not a proximate cause of the injuries, for one of said reasons excess speed was not a proximate cause if effect be given to the verdict upon the ground of recovery relating to the failure of the bus driver to apply the brakes. If, as found by the jury, failure to apply the brakes was a proximate cause of the collision, then, as a matter of law, under the undisputed evidence excess speed was not a proximate cause. The findings conflict and are mutually destructive."

This is a definite holding that the findings that excess speed and failure to apply the brakes were each a proximate cause of the collision conflicted and destroyed each other. The Supreme Court, after holding that the Court of Appeals erred in holding that such findings were in conflict, used the following language:

"(4, 5) However, the Court of Civil Appeals found that there was no evidence to support the jury's findings that *either* of the alleged acts of negligence of which the bus driver was convicted was a proximate cause of the collision. There was an assignment that the evidence was insufficient to support the verdict on these issues, and since the Court of Civil Appeals held that there was no evidence to support the verdict, we will assume that the court would have held that the evidence was insufficient. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904; Tweed v. Western Union Tel. Co., 107 Tex. 247, 166 S.W. 696, 177 S.W. 957; Lilienthal v. Motor Car Indemnity Exchange, Tex.Com.App., 239 S.W. 906; Rogers & Adams v. Lancaster, Tex.Com.App., 248 S.W. 660; Maddox Motor Co. v. Ford Motor Co., Tex.Com. App., 23 S.W.2d 333. The right to find that the evidence was insufficient to support the verdict was a matter exclusively within the jurisdiction of the Court of Civil Appeals, and we have no right to review that holding. Since the case was remanded for a new trial because of the insufficiency of the evidence, it would serve no useful purpose for us to here discuss the law question as to whether or not there was any evidence to support *any* of the findings of the jury. The judgment of the Court of Civil Appeals remanding the cause for a new trial must be affirmed." (Emphasis ours.)

■ The application for writ of error to the Supreme Court has been made available to us. Petitioner Walsh asked the Supreme Court to review the holding of the Court of Civil Appeals that there was no evidence to support the finding that failure of the bus driver to keep a proper lookout was a proximate cause of the collision. It is true that in his application for the writ Walsh did not ask the Supreme Court to review any finding by the Court of Civil Appeals that there was no evidence to support the jury's finding that excess speed was a proximate cause of the collision. While it is a long established rule that the Supreme Court will not reverse a case for an error unassigned in the application for the writ, see concurring opinion of Chief Justice Alexander in Ramsey v. Dunlop, Tex.Sup., 205 S.W.2d 979, loc. cit. 984, and authorities there cited, yet before reversing the judgment it was the duty of the Supreme Court to ascertain if it could be sustained on any other ground than that specifically stated by the Court of Civil Appeals. Garza v. Kenedy, 299 S.W. 231, loc. cit. 234 (Tex. Com.App. opinion approved), and authorities there cited. The Supreme Court did this and affirmed the judgment of the Court of Civil Appeals reversing and remanding the cause.

■ The language of the Supreme Court above quoted, considered with the prior statement from the opinion

"The jury found that the bus was being operated in excess of twenty miles per hour; that the driver of the bus negligently failed to keep a proper lookout and to apply his brakes at the street intersection; and that each of these acts

was the proximate cause of the collision"; is susceptible of no other construction than that the Supreme Court did hold that the Court of Civil Appeals found that there was no evidence to support any of the jury findings, namely, that excess speed, failure to keep a proper lookout and failure to apply the brakes was each a proximate cause of the collision. The word "either" must be construed in connection with the context in which it is used. Dallas Railway & Terminal Co. v. Allen, Tex.Civ.App., 43 S.W.2d 165, loc. cit. 170, Wr.Dis.

In this instance it means "any", later employed in the language above quoted. The Supreme Court did not state its reasons for its holding that the Court of Civil Appeals so found; it is not the function of this court to attempt to do so. The Supreme Court also held that the trial court had erred in refusing submission of a requested issue as to Walsh's contributory negligence. In view of this holding the finding of the Court of Civil Appeals that there was no evidence to support the jury finding that excess speed was a proximate cause of the collision and the finding attributed to that court by the Supreme Court that the evidence was insufficient to support such jury finding was not essential to sustain the judgment of the Court of Civil Appeals reversing and remanding the cause, since as intimated by the Supreme Court the judgment should have been reversed regardless of such finding, because of the trial court's error in refusing the requested submission. Therefore, such finding of the Court of Civil Appeals can not be regarded as the law of the case, and since the Supreme Court expressly refused to pass on the question of whether or not there was any evidence or sufficient evidence to support the jury finding that excess speed was a proximate cause of the collision, we approach the question unfettered by the opinion and judgment of the Supreme Court or the Eastland Court of Civil Appeals.

■ Points three and four are that the court erred in refusing to hold that the evidence was insufficient and that there was no evidence to show that excessive speed of the bus was a proximate cause of the collision. No specific complaint is made in appellant's brief of the court's refusal to grant a new trial because of the insufficiency of the evidence to support the jury's finding in this respect, although this was one of the grounds for a new trial set up in the first amended motion for a new trial, which was overruled. Although the point does not specifically direct our attention to this error, in compliance with Rule 418, Texas Rules of Civil Procedure, since it was specified in the motion for new trial in conformity with Rules 320 and 321, R.C.P., we shall consider it. The error specified in point three refers to the insufficiency of the evidence in this respect set out in the motion for an instructed verdict and to the action of the court in overruling this motion. If there was any evidence that excessive speed was a proximate cause of the collision, even though such evidence was insufficient to warrant a finding to this effect, the court was without authority to withdraw such evidence from the jury; therefore the court did not err in overruling the motion for an instructed verdict for this reason.

■ The facts summarized by the Supreme Court in the second paragraph of its opinion were the same on the second trial. They are:

"The ambulance in which Walsh was riding belonged to Weaver Funeral Home, and was being driven by one Crane, the assistant manager. Walsh was an employee of the funeral home. At the time of the collision the ambulance had been sent on an alleged emergency call, and Walsh went along as a helper. The collision occurred at the intersection of Lemmon and Oak Grove Avenues. The bus was being driven south on Lemmon Avenue and the ambulance was traveling east on Oak Grove. There was a hedge at the northwest corner of the street intersection that obstructed the view of the driver of each of the vehicles. There was a stop sign which required vehicles on Oak Grove

Avenue to stop at the intersection, but there was no such stop sign for vehicles traveling on Lemmon Avenue."

We add that the uncontroverted evidence showed that the ambulance did not stop at the stop sign on Oak Grove before it entered Lemmon Avenue, and the jury found that the driver of the ambulance failed to yield the right of way to the bus. They also found that the bus driver did not fail to keep a proper lookout for the ambulance; that the siren of the ambulance was being sounded as it approached the intersection but the bus driver did not hear it; that he failed to properly listen for it but such failure was not a proximate cause of the collision. It is appellant's contention that in view of these findings there is no evidence or insufficient evidence to support the finding that excess speed was a proximate cause of the collision because evidence of the necessary element of foreseeability is entirely lacking; in other words that the bus driver not having heard the siren and keeping a proper lookout as he approached the intersection could not reasonably anticipate that the ambulance would violate an ordinance of the City of Dallas requiring it to observe the stop sign and stop before entering Lemmon Avenue. A similar contention was made in Seinsheimer v. Burkhart, Tex.Civ.App., 93 S.W.2d 1231, loc. cit. 1234. In that case one of the acts of negligence of which Flood, the driver of the car that hit Miss Burkhart, was convicted was that he was driving at a speed in excess of 20 miles per hour, which was found to be a proximate cause of her injuries. The contention was made that since Miss Burkhart was crossing the street not in the lane of pedestrian traffic, in violation of an ordinance of the city of Houston, and was therefore guilty of negligence per se, the driver was not required to foresee her injury. In disposing of this contention the Supreme Court 132 Tex. 336, 122 S.W.2d 1063, reviewing the case said:

"What has been written next above applies equally to the contention that Flood was not required to foresee harm to one outside the pedestrian lane, and that, therefore, his negligence was not a proximate cause of the injury. It was within the province of the jury to determine whether Flood should have foreseen this or some similar injury as likely to result from his negligence, and we are unable to hold, as a matter of law, that he should not have done so." 122 S.W.2d 1064, loc. cit. 1065(3).

The same may be said here and further that we are unable to hold as a matter of law that the jury's finding insofar as the element of foreseeability is necessary to support it is without support in the evidence. Various witnesses testified as to the speed of the bus. The evidence placed it at anywhere from 25 to as high as 45 miles per hour, if the testimony of the ambulance driver were believed. There was evidence that Oak Grove was the regular route followed by Crane (the driver of the ambulance) to go to East Dallas, and that numerous ambulances always used that street; that Burgess, the driver of the bus, had been operating on that line (Lemmon Avenue, crossing Oak Grove) six, seven or eight months; that one car approaching Lemmon Avenue from the west on Oak Grove had slowed down and pulled over to the curb at the intersection just prior to the collision; that another car approaching Oak Grove from the south on Lemmon Avenue had been driven to the intersection and parked on the right hand side just prior to the collision. The jury could legitimately infer that Burgess knew that Oak Grove was frequently used as a regular route for ambulances and that he saw the two cars pull into the curb at the intersection and should have anticipated that an ambulance was going through. This is true, even though all evidence and the finding that the siren was being sounded as the ambulance approached the intersection be disregarded, because of the finding that the bus driver did not hear the siren. Of course the trial court could properly consider this evidence in determining the sufficiency of the evidence to warrant submission of the issue of excess speed as a proximate cause, since conditions

132

as they existed at the time the charge was given and not after the verdict control. Schuhmacher v. Holcomb, 142 Tex. 332, 177 S.W.2d 951.

The evidence being sufficient to support the element of foreseeability there can be no serious question but that the finding is amply supported. From the bus driver's own testimony it can logically be inferred that had it not been for the excessive speed of the bus he could have stopped it or slowed it down after he actually saw the ambulance so that the collision might have been avoided or the impact have been less violent. We overrule these points.

■■■ The last point is that the court erred in including in Special Issue No. 53, the issue on damages, the element of diminished capacity of Walsh, if any, to work and earn money in the future. This point is also overruled. The medical testimony was ample to show that as a result of the collision Walsh suffered serious injuries. These included a fracture of the acetabulum or socket of the left hip joint; a narrowing of he space between the 5th lumbar vertebra and the sacrum and some overriding of the articular facets; and a spicule of bone protruding up from the front part of the first cervical vertebra. These injuries, according to Dr. Schoolfield's testimony, are permanent. Their effects on Walsh, evidenced by an examination made just before the trial, in the doctor's language were:

"A. Backward bending was complained of, and straight leg lifting was mildly limited, especially on the left. Extremes of flexion of the left hip were complained of; abduction was limited in the left hip—moving the hip out away from the body in this direction.

\* \* \* \* \* \*

"He was tender over the lumbar sacral joint, and manipulation of the lower back was attended with muscle spasm. \* \* \*"
(P. 68, S.F.)

\* \* \* \* \* \*

This testimony warrants the conclusion that the injuries were so serious and permanent in their nature that loss of earning capacity is the necessary result.

Even so, proof is required to show the extent and amount of damages. The jury is not permitted to speculate, McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710, but all that is required is that the damages be proved with that degree of certainty of which the particular case is susceptible (Id.) Here it was shown what Walsh was earning at the time he received his injuries and at various times since then except during the time he was in the Army until the time of the trial; that he was unable to follow his chosen profession of funeral director because he could not lift a heavy load without suffering pain in his back; that funeral directors receive up to $75.00 a week. From these facts the jury was not left entirely to speculation to measure the extent and amount of Walsh's diminished earning capacity in the future, if any.

The judgment is in all respects affirmed.