LEVY COURT OF NEW CASTLE COUNTY, a body politic, v. YELLOW TAXI, INC., a Delaware corporation.

*(August* 16, 1950.)

TERRY, J., sitting.

*Abraham Hoffman* and *William Taylor* for plaintiff.

*William H. Bennethum* (of Morford, Bennethum, Marvel and Cooch) for the defendant.

Superior Court for New Castle County, No. 427, Civil Action, 1949.

TERRY, J.

This case was heard by me without a jury. The plaintiff to sustain its position that the ambulance was an emergency vehicle under the provisions of § 101, thus having the right of way at the intersection under § 606 and § 704, produced Police Inspector Wilson of the Department of Public Safety. The Inspector testified in substance that the Department of Public Safety of the City of Wilmington had never to his knowledge designated or authorized the plaintiff's ambulance as an emergency vehicle under the provisions of § 101, but that it was customarily understood by himself and other Traffic Officers of the Police Department that the County Ambulances, including the ambulance in question, were entitled to recognition under § 606 and § 704 as emergency vehicles when engaged in emergency trips.

The plaintiff did not produce any documentary evidence or testimony indicating that the Department of Public Safety had ever designated or authorized the plaintiff's ambulance as an emergency vehicle under the provisions of § 101 of said Ordinances.

■■ The first question presented is, Was the plaintiff's ambulance an emergency vehicle under the provisions of § 101, and, as such, entitled to the right of way exemptions under the provisions of § 606 and § 704 of said ordinances?

In this respect the plaintiff contends (1) that the proper meaning to be given the words "municipal departments" appearing in the third line of § 101 should not be restricted to designated or authorized vehicles of the City of Wilmington, but should be held to embrace all designated or authorized vehicles of any and all municipalities; (2) that New Castle County being a political subdivision of this State should be held to be a quasi municipal corporation, and, as such, subject to the benefits under § 101; (3) that the requirements of designation or authorization by the De-

partment of Public Safety have been fully met by the showing of a custom pertaining to the recognition of the plaintiff's ambulance as an emergency vehicle by certain officers of the Traffic Department of the Bureau of Police of the City of Wilmington.

Assuming arguendo the plaintiff's first contention—that is, that all designated or authorized vehicles of the departments of all municipalities were intended to be included within the category of vehicles indicated under § 101—yet, can it be said that a County ambulance is such a vehicle as could be properly designated or authorized by the Department of Public Safety under the provisions of said Section?

It is my considered thought that counties are not municipalities in the sense of being public corporations, or, strictly speaking, corporations of any kind. Counties are obviously lacking in the essentials which chiefly characterize municipal corporations. It is true both municipal corporations and counties are governmental agencies, but the manner and source of their creation and the purposes to be served are entirely at variance. Municipal corporations proper are called into existence either at the direct solicitation or by the free consent of the persons composing them for the promotion of their own local and private advantage and convenience. On the other hand, counties are local subdivisions of the State, created by the sovereign power of the State, of its own sovereign will, without the particular solicitation, consent, or concurrent action of the people who inhabit them. The municipal corporation is asked for, or at least assented to, by the people it embraces; the county is superimposed by a sovereign and paramount authority. With scarcely an exception all of the powers and functions of a county organization have a direct and exclusive reference to the general policy of the State, and are, in fact, but a branch of the general administration of that policy.

The word "municipal" connotes a body politic and corpor-

ate established by law to assist in the civil government of the State with delegated authority to regulate and administer the local or internal affairs of a city, town or district which is incorporated. *Coyle v. Gray, 7 Houst.* 44, 30 *A.* 728, 40 *Am. St. Rep.* 109.

There are cases, however, that hold that a county in a sense is a municipal corporation and sometimes is classed as such. 20 C. J. S., Counties, § 3, page 758.

It is my conclusion that New Castle County is not a municipality in the sense that its ambulances could be designated by the Department of Public Safety as emergency vehicles under § 101 of the City Ordinances. Therefore, the traffic exemptions set forth under § 606 and § 704 have no application in the present case. But, let us concede arguendo the law to be otherwise—that is, that New Castle County is a municipality in the sense that vehicles of its departments may be designated or authorized as emergency vehicles under § 101 — yet, can it be said that mere recognition of vehicles as authorized emergency vehicles by Officers of the Traffic Department of the Police Bureau, without proof of knowledge of such recognition on the part of the members of the Department of Public Safety, could impliedly constitute a proper designation or authorization of such vehicle under said Section? I do not think so. The Department of Public Safety of the City of Wilmington was created under the provisions of § 1 of Chapter 111, Vol. 32 Laws of Delaware.

"Section 1. That on and after the first day of May, A. D. 1921, there is hereby created a department for 'The Mayor and Council of Wilmington,' to be known as the 'Department of Public Safety,' which shall consist of three members, who shall be citizens of the United States, qualified electors of the State of Delaware, and residents of the City of Wilmington * * *."

"Section 4.' That on and after the first day of May, A. D.

1921, the said Department of Public Safety, shall have full jurisdiction, management and control of the Police Department of said City, and all the powers and authorities conferred, and shall be subject to all the duties enjoined, upon the members of the Board of Police Commissioners of the City of Wilmington, by the laws of this State, and the ordinances of the said City relative to the Police Department of said City; and the said Board of the Police Commissioners of the City of Wilmington be and the same is hereby abolished, and the terms, duties and powers of the members of the said Board are hereby terminated on the first day of May, A. D. 1921."

It is evident from the foregoing sections that the Department of Public Safety shall consist of a Board of three members. I take it to be that this Board shall have the power to designate or authorize vehicles as emergency units under the provisions of § 101. In the absence of express designation or authorization by the Department mere recognition by the Traffic Officers, without proof of knowledge of such recognition on the part of the members of the Department, would not constitute a proper designation or authorization under said Section.

Now the question, Was the plaintiff's driver guilty of a negligent course of operation at the time of the collision which constituted the sole or one of the proximate causes thereof? A careful consideration of all the evidence leads to but one conclusion; that is, he was. He was negligent per se in violating § 203 (a) (3) of the Municipal Ordinances, which constituted a contributing factor to the collision resulting in one of the proximate causes thereof.

"Section 203 (a) (3) Red or 'Stop'—Traffic facing the signal shall stop before entering the nearest crosswalk at the intersection or at such other point as may be plainly and officially des-

ignated by authority of the Street and Sewer Department, and remain standing until Green or 'Go' is shown alone."

Judgment will be entered in favor of the defendant.