**SMITH et al. v. DALLAS RY. &
TERMINAL CO.**

No. 2998.

Court of Civil Appeals of Texas.    Waco.
June 5, 1952.

Rehearing Denied June 26, 1952.

Carter & Gallagher, Joe Hill Jones, Ben
T. Warder, Jr., Dallas, for appellants.

Burford, Ryburn, Hincks & Ford, Dallas,
for appellee.

HALE, Justice.

Appellants, being the surviving widow, minor son and parents of Howard Smith, deceased, sued appellee for damages on account of injuries resulting in the death of the deceased. As grounds of the recovery sought, they alleged in substance that the deceased was operating an ambulance belonging to Black & Clark Funeral Home on an emergency call for the City of Dallas at the time he sustained the injuries resulting in his death; that he was driving the ambulance through a stop sign on Junius St. at its intersection with Peak St. at a speed of approximately 25 miles per hour when it collided with a bus belonging to appellee; that appellee's bus driver was guilty of negligence proximately causing the collision in that he failed to yield the right-of-way as required by Art. 6701d, Sec. 75 of Vernon's Tex.Civ.Stats.; and that the deceased was not guilty of contributory negligence in running through the stop signal because the ambulance, at the time of the collision, was a police vehicle within the meaning of Art. 6701d, Sec. 2(d) of Vernon's Tex.Civ.Stats.

Appellee duly filed and presented its motion for a summary judgment which was based in part upon the contention that it affirmatively appeared from the petition of appellants and the exhibit attached thereto that the ambulance being operated by the deceased at the time of the collision was not a police vehicle within the meaning of Art. 6701d, Sec. 2(d) of Vernon's Tex.Civ.Stats. and hence the driver of its bus owed no duty to yield the right-of-way to the ambulance under the circumstances alleged by appellants. Upon a hearing of the motion the trial court sustained the same and rendered judgment that appellants take nothing.

The first point in appellants' brief is as follows: "The trial court erred in sustaining the defendant's motion for summary judgment because the ambulance operated by the deceased was, as a matter of law, a 'police vehicle' within the meaning of Art. 6701d, Sec. 2(d) of the Revised Civil Statutes of Texas." Concerning this point appellants say in their brief: "The defendant's motion for summary judgment is predicated upon the proposition that the

record in this case discloses as a matter of law that the ambulance in question was not a 'police vehicle' within the meaning of Sec. 2(d) of Art. 6701d describing and defining an 'Authorized Emergency Vehicle.' Fundamentally, this is the controlling factor in this case, for if such ambulance cannot be so classified, then defendant was entitled to a summary judgment; on the other hand, if the ambulance can be classified as a 'police vehicle,' then the trial court erred in sustaining defendant's motion because material fact issues existed as to the negligence of the parties herein."

For the purpose of permitting the court to pass upon appellee's motion for summary judgment, the parties entered into the following stipulation:

"1. C. J. Clark owns and operates a funeral home and ambulance service for the colored race in the City of Dallas under the name of Black & Clark Funeral Home. In order to take care of the ambulance portion of its business, Black & Clark Funeral Home owns and operates for hire at the rate of $5.00 per call, four ambulances which are equipped with 2-way radios capable of receiving police signals on the KVP frequency, and which are driven by colored employees selected by and in the employ of the Funeral Home.

"2. Black & Clark Funeral Home sublet to the South Dallas Funeral Home the South Dallas operations under the contract with the City of Dallas, attached as 'Exhibit A' to plaintiffs' petition. The South Dallas Funeral Home maintains four ambulances equipped with KVP frequency radios, driven by colored employees selected by and in the employ of the South Dallas Funeral Home. The City of Dallas does not select the ambulance drivers in either Funeral Home, provides no training for them, and exercises no control or supervision over them, except the police dispatcher of the City of Dallas Police Department authorizes and directs such ambulances to make

calls to pick up persons in need of immediate medical and hospital services.

"3. The City of Dallas owns and operates no ambulances of its own. There are two contracts in existence of the nature attached to plaintiff's amended petition, one with the Black & Clark Funeral Home for colored people and a second contract of the same nature for white people with another funeral home.

"4. Howard Smith was 20 years of age and had been in the employ of the Black & Clark Funeral Home three weeks at the time of the accident which resulted in his death.

"5. Peak Street as it intersects with Junius Street in the City of Dallas on the day of the accident in question, was a through highway within the meaning of Article 6701(d), Section 73 of the Revised Civil Statutes of Texas.

"6. The City of Dallas, in its governmental capacity and pursuant to lawful authority vested in it, at the time and on the occasion of the accident in question, had installed and maintained stop signs on Junius Street as it intersects with Peak Street, requiring traffic on Junius Street to stop before entering and proceeding across Peak Street.

"7. The contract between Black and Clark Funeral Home and the City of Dallas, attached as 'Exhibit A' to plaintiffs' petition, the bid attached to defendant's motion for summary judgment as 'Exhibit B', and the resolution of the City of Dallas, purporting to authorize the contract in question, attached to defendant's motion for summary judgment as 'Exhibit C', are true and correct copies of the original instruments involved."

Art. 6701d, Sec. 2(d) of Vernon's Tex. Civ.Stats., defines "Authorized Emergency Vehicle" as meaning: "Vehicles of the fire department (fire patrol), police vehicles, and such ambulances and emergency vehicles of municipal departments or public service corporations as are designated or

authorized by the police commissioner or the chief of police of an incorporated city."

Art. 6701d, Sec. 24(b) of Vernon's Tex. Civ.Stats. reads as follows: "The driver of any authorized emergency vehicle when responding to an emergency call upon approaching a red or stop signal or any stop signs shall slow down as necessary for safety but may proceed cautiously past such red or stop sign or signal. At other times drivers of authorized emergency vehicles shall stop in obedience to a stop sign or signal."

Art. 6701d, Sec. 75 of Vernon's Tex.Civ. Stats. provides in substance that upon the approach of an authorized emergency vehicle the driver of any other vehicle shall yield the right-of-way to the authorized emergency vehicle. If the ambulance involved in this suit was a police vehicle within the meaning of the foregoing statutes at and immediately prior to the time of the collision, then it was the duty of the operator of appellee's bus to yield the right-of-way to the ambulance; but if it was not a police vehicle, it was not the duty of the operator of appellee's bus to get out of the way of the ambulance.

Appellants say that by virtue of the contract between Black & Clark Funeral Home and the City of Dallas, attached as "Exhibit A" to their petition, the ambulance being operated by the deceased at the time of the collision was a police vehicle within the meaning of the foregoing statutes. We cannot agree with this contention. This contract provided for the handling and disposition to be made by the funeral home of the pauper dead of the colored race in the City of Dallas and for the furnishing of ambulance service on the part of the funeral home for the purpose of making emergency calls within the city when called upon by the dispatcher of the police department of the City of Dallas. However, under the terms of the contract the city did not reserve the right to direct or control the character of vehicles to be used, the manner in which they were to be operated, or the qualifications of the operators. The only requirement for ambulances under the contract was that they should be equipped with a two-way radio. There was no require-

ment as to make, model or age of any ambulance. The contract did not provide for inspection or maintenance of the vehicles. There was no provision in the contract that the operator of an ambulance would be responsible to the police department or to the City of Dallas for his conduct in any manner. Under the contract the City had no right whatsoever to exercise any supervision or control over those who might be employed to operate the ambulances. In our opinion no inference could be drawn from the contract or any part thereof that ambulances engaged in carrying out the terms thereof should be classified, designated or regarded as police vehicles.

After due consideration of the record before us we have concluded that the ambulance being operated by the deceased at the time he sustained his injuries was not a police vehicle within the meaning of Art. 6701d, Sec. 2(d) of Vernon's Tex.Civ.Stats. Dallas Ry. & Terminal Co. v. Walsh, Tex. Civ.App., 156 S.W.2d 320; Walsh v. Dallas Ry. & Terminal Co., 140 Tex. 385, 167 S.W. 2d 1018; Karger v. Rio Grande Valley Citrus Exchange, Tex.Civ.App., 179 S.W.2d 816, (er. ref. w. o. m.); Falasco v. Hulen, 6 Cal.App.2d 224, 44 P.2d 469; O'Neil & Hearne v. Bray's Adm'x, 262 Ky. 377, 90 S.W.2d 353; City of Rochester v. Lindner, 167 Misc. 790, 4 N.Y.S.2d 4; Levy Court of Newcastle County v. Yellow Taxi, Inc., Del. Super., 75 A.2d 421.

The case of Walsh v. Dallas Ry. & Terminal Co., 140 Tex. 385, 167 S.W.2d 1018, 1021, related to a collision between an ambulance and a bus belonging to the appellee in this cause. It involved an ordinance of the City of Dallas which defined " 'Authorized Emergency Vehicles' " to mean: " 'Vehicles of the fire department, police vehicles, and such ambulances and emergency vehicles of municipal departments or public service corporations as are designated or authorized by the chief of police of the City of Dallas.' " It will be noted that this definition of an authorized emergency vehicle was substantially the same as the definition which is now embraced in Art. 6701d, Sec. 2(d) of Vernon's Tex.Civ.Stats. In passing upon the Walsh case, the Eastland

Court of Civil Appeals and the Supreme Court of Texas each held specifically that the ambulance involved in that case was not a police vehicle.

Having concluded that the ambulance being operated by the deceased in this case was not a police vehicle within the purview and meaning of the applicable law, the judgment appealed from is affirmed.

LESTER, C. J., took no part in the disposition of this case.