**HOUSTON TRANSIT COMPANY,**
Appellant,

v.

**James I. STEELE et al., Appellees.**

No. 3626.

Court of Civil Appeals of Texas.

Waco.

May 28, 1959.

Rehearing Denied June 18, 1959.

Baker, Botts, Andrews & Shepherd, Alvin M. Owsley, Jr., Houston, for appellant.

Funderburk, Murray & Ramsey, Miller, McClure, Lucas & Wright, Houston, for appellees.

WILSON, Justice.

Appellant's bus, driven by its employee, appellee White, collided at a Houston intersection with Palms Funeral Home's ambulance driven by Taylor and occupied by appellee Steele. Judgment was rendered for White and Steele against appellant for personal injury damages.

Appellant contends there was no jury finding of actionable negligence on which judgment against it may be sustained.

The jury, in answer to 59 issues (a) exonerated White; (b) found negligence and proximate cause against Taylor as to speed and lookout; and (c) negligence and proximate cause as to appellant in failing to allow White adequate time to drive its bus to destination; in assigning him a bus which was so noisy as to interfere with his hearing and which had windows so dirty as to obstruct his vision.

The jury found White knew of the window condition, that it was open and obvious to a person of ordinary prudence and that White knew it endangered his safety; but that he did not know it was noisy and this condition was not open and obvious. Appellant presents no complaint as to these findings. Rather, it states its liability does not involve the doctrine of respondeat superior, because the jury absolved its driver, White, of negligence. It filed motions for instructed verdict, judgment non obstante veredicto, to disregard findings and for mistrial.

Appellant epitomizes its contention under the first six points by asserting the matters found against it by the jury were remote conditions, which as a matter of law had no causal relation to the collision; that Taylor's acts found by the jury broke any causal connection and its conduct was therefore not a proximate cause.

■ (1) As to failure to allow adequate time, appellant says it can only be material as a proximate cause as it relates to the speed at which White drove its bus; and since the jury made a negative finding on the issue of his excessive speed, it insists it could not be a proximate cause.

White drove on the "extra board" for appellant. Its dispatcher assigned him a specific bus at approximately 6:40 a. m. with

instructions to be at Rice Institute, over 30 blocks distant, at 7:00 a. m. He states he located and started the bus, brought the air pressure up, got out and put in water from the rear with a hose; that "the only way you can wash the windshield is to take the water hose and squirt on. They never wash the windshield on the bus. If we want to we can, but as a general rule we don't have time. Ten minutes don't give you time to get out and wash and clean the bus before you take it out." He detailed the dirty condition of the windows and windshield. Although we find no mention of the subject of time in any pleading in this case, appellant does not raise this question.

Appellees assert that if appellant had given White more time he could have washed the dirty windows, and thus have been able to see the ambulance. This argument overlooks the issue submitted, which asked the jury to find whether appellant failed to allow White "adequate *time to drive* the bus from the Milby Barn to Rice Institute." This does not include the issue of "time to wash." We are of the opinion appellant's contention is correct, and that liability may not be properly predicated on this finding. For this and the other reasons hereafter mentioned, apparent conflicts between this finding and findings acquitting the bus driver of negligence become immaterial.

 (2) The findings that appellant was negligent in assigning White a bus so noisy as to interfere with his hearing, and with windows so dirty as to interfere with his vision are in one category. Appellant asserts, however, that we should distinguish between White and Steele, the ambulance passenger, as to their effect. Since we are dealing, not with the negligence of White in driving the bus in this condition, but with that of his master in furnishing the bus, appellant says it owed no duty to Steele, even if it breached a duty to White. We are unable to accept this distinction. If appellant's driver is eliminated as a par-

ty, its fallacy is apparent. The difference is merely in relationship. This narrows the problem to whether negligence in furnishing the bus in the condition found by the jury, meets the causation and foreseeability requirements of proximate cause.

The ambulance of Palms Funeral Home approached the intersection on an emergency run, traveling north on a one-way street. Its speed was variously estimated at 25 to 40 miles per hour. A traffic control light at this intersection was red for the ambulance, green for the bus. Red lights and the siren of the ambulance were in use. The driver, Taylor, testified he saw appellant's bus when he was two car-lengths from the intersection. He applied his brakes which "didn't work too good," and cut to his left. White, driving west, testified he entered the intersection at a speed of 25 to 28 miles per hour; that his windows and windshield were muddy and dirty, interfering with vision; that the windows, seats, transmission and heater, rattled, shook and roared, making so much noise he couldn't hear another car; that the windows were closed because of cold. He saw no traffic before entering, but when he reached the center of the intersection he thought he heard a siren, looked and saw the ambulance just entering the cross-walk to his left. It was then 6:55 a. m., and he was halfway to Rice Institute.

In our opinion the evidence made the issue of proximate cause as to these matters a question of fact for the jury. The restricted connotations of proximity or remoteness in time and space as to causation and foreseeability are no hindrance to an affirmative finding. A passive or static condition created by the actor, carried into active operation as found by the jury here, may, in the light of common experience be a substantial factor in producing the result, and reasonable minds may properly conclude that the condition was a cause. "So far as the fact of causation is concerned, in the sense of necessary antecedents which have played an important

part in producing the result, it is impossible to distinguish between passive situations and active forces." Prosser, Torts, 2d ed. 255, Sec. 47.

The element of anticipation of consequences exists under this evidence. It is not required that the actor be able to predict the exact details of the sequence of events with precise foresight. For the same reason, the evidence here does not establish a new and intervening cause as a matter of law, as appellant contends. The conduct of the ambulance driver as found by the jury is a concurring cause and a foreseeable incident in the chain of causation. Appellant's contentions are overruled. Biggers v. Continental Bus System, Tex., 303 S.W.2d 359; Sullivan v. Flores, 134 Tex. 55, 132 S.W.2d 110; Carey v. Pure Distributing Corp., 133 Tex. 31, 124 S.W.2d 847; Wichita Valley Ry. Co. v. Durrett, Tex.Civ.App., 174 S.W.2d 329, writ ref.; Phoenix Refining Co. v. Walker, Tex.Civ.App., 108 S.W.2d 323, writ dis.; Sullivan v. William Ohlhaver Co., 291 Ill. 359, 126 N.E. 191; Hines v. Foreman, Tex. Com.App., 243 S.W. 479.

The further contention is made that the jury finding that White's failure to yield the right-of-way to the ambulance was not a proximate cause of the collision is in conflict with the findings of negligence and proximate cause as to furnishing a bus to White which impaired his hearing and vision. Appellant contends the only manner in which such negligence could contribute to the collision would be to prevent knowledge of the presence of the ambulance so that White would not yield the right-of-way; and since the jury found his failure was not a proximate cause, a conflict exists. We cannot agree with this reasoning. It would make causation the exclusive factor, whereas the real distinguishing element is foreseeability. The jury could properly find appellant should have anticipated consequences. It could consistently find that White, approaching on a green light, not knowing of the presence of the ambulance, should not. No

irreconcilable conflict is presented. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991; Texas & Pac. Ry. Co. v. Snider, Tex., 321 S.W.2d 280; Walsh v. Dallas Ry. & Terminal Co., 140 Tex. 385, 167 S.W.2d 1018; Northern Texas Traction Co. v. Weed, Tex.Com. App., 300 S.W. 41; 2 Tex.Jur.Supp. 176.

■ Appellant says White, its driver, is not entitled to recover because it is entitled to full indemnity against Palms Funeral Home and Taylor, its driver; and because White had executed an indemnity agreement to the latter. It seeks judgment thus directly to avoid circuity of action. Appellant asks us to apply the test of "greater culpability." This we do not consider to be the criterion. Appellant, Palms Funeral Home and Taylor, under the verdict, are in pari delicto, and thus are not entitled to indemnity. Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563, 565; Wheeler v. Glazer, 137 Tex. 341, 153 S.W.2d 449, 451, 140 A.L.R. 1301; Dallas Ry. & Terminal Co. v. Harmon, Tex.Civ. App., 200 S.W.2d 854, writ ref., XXVI Tex.Law Rev., 150, 162.

■ It is claimed the judgment of $15,000 for Steele's injuries is excessive. He was 28 years old. He was in the hospital 3 days where lacerations of his arm, and abrasions were treated. His left shoulder and neck were jerked. At the time of trial two years later he testified his left arm and his neck gave him trouble, causing a continuous dull aching pain. He returned to light duty for a while after the accident and thereafter performed regular duties as an ambulance driver. He had no medical care except during the week or so following the accident, when sutures were removed and dressing applied. He was examined 2 years later at appellant's request. The examining physician testified to complaints and limitation of motion in the neck, a loss of normal curve in the vertebral column resulting from long irritation. He indicated finding muscle spasm. In his opinion this condition is

**916**

permanent. He diagnosed Steele's condition as including a sprain of ligaments in the neck with nerve root irritation. From an objective standpoint he did not think he would improve. From a subjective standpoint he felt he would probably improve and recover. Steele testified his condition improved during the first two weeks after the accident, but had not improved since; that he had pain every day in his neck and shoulder for which he took empirin.

We are unable to say the award of damages is excessive.

All appellant's points have been carefully considered and are overruled. The judgment of the trial court is affirmed.